WM. CHENY, ET AL. *v.* SOLOMON SMITH, ET AL.

[Abstract Kentucky Law Reporter, Vol. 7—293.]

**Property of Debtor Only Subject to Execution.**

Where A retains a lien on land in a deed conveying it to B, and B thereupon conveys it to his wife, and A does not seek to enforce his reserved lien but sues B for the debt, and on execution levied on the land sells same and buys it in his purchase, these circumstances can in no way affect the ownership or possession of B's wife who became the record owner of it before judgment was taken against her husband.

**Title by Adverse Possession.**

Adverse possession will not ripen into title when it is only shown to have been held for eleven years.

APPEAL FROM BUTLER CIRCUIT COURT.

October 8, 1885.

OPINION BY JUDGE HOLT:

H. H. Smith by a deed absolute on its face, but which was in fact a mortgage, conveyed to J. B. Upton on June 2, 1853, a tract of land of between two and three hundred acres, and the latter at the same time gave him a title bond to reconvey it to him upon the payment of a certain sum. On August 2, 1856, they had a settlement and Smith then conveyed to Upton absolutely a portion of the land, thereby paying the indebtedness, save the sum of $73.29, for which sum Smith gave his note to Upton, payable in twelve months, and Upton conveyed the balance of the land to the

appellee, Helen Smith, who was then the wife and is now the widow of H. H. Smith, and her children.

A lien was retained in the deed for the payment of the above named note, and upon it Upton brought an ordinary action against H. H. Smith, obtained a judgment, and had an execution issued and levied upon the land, which had been conveyed to Mrs. Smith and her children; and on August 9, 1859, forty acres of it were sold under the execution and purchased by J. Klown at the price of $92.45, which was the amount of the execution.

He transferred his bid to his wife, the appellant, Mary Klown; but a sheriff's deed was not made to the latter until December 15, 1870. She gave the land by parol to her daughter, who is the wife of appellant, Wm. Cheny, but no conveyance has ever been made to her. H. H. Smith died in 1865, and this action of ejectment was brought on December 16, 1878, by his widow and her children against the appellants for the forty acres. The latter interposed as a defense the alleged actual possession of the land for more than fifteen years and asked the court to quiet their title to it; and if this relief could not be granted, then they claim a lien on the land for the $92.45, with interest from August 9, 1858. They also allege that the interest of Hal Smith, who was one of the children of H. H. and Helen Smith, who died in 1861, passed to his father as the heir, and that they were entitled to it by virtue of the execution purchase. The sale, however, was made in 1858; and of course only such interest as the execution debtor then owned passed by it. The title to the land was then in Mrs. Smith and her children, and none of them were parties to the suit. Certainly, therefore, no title whatever passed under the execution sale.

It appears that the balance of the land, which Upton had conveyed to Mrs. Smith and her children, and upon which they have lived ever since, adjoined the forty acres, the latter being entirely uninclosed woodland at the date of the execution sale; and, having the title to all of it, they therefore had in law the actual possession of it, save so far as the appellants had an actual possession. The latter occasionally used it after their purchase by getting some timber from it, but made no such use of it as constituted actual possession by them until in either 1867 or 1868, when about an acre of it was cleared and a small house erected thereon. It is questionable whether this possession was not abandoned about 1875;

but granting that it was not, and that it continued from 1867 until this suit was brought on December 16, 1878, yet, the time was not sufficient to create a proper possessory title.

It is, however, urged that as the debt was a lien on the land, and as the appellants have paid it and are in possession, that the property is as if in pledge to them for what they have paid, and that a court of equity will require those who seek equity to do it, and not to deprive them of it without making them whole. The deed to the appellees, however, was of record when Klown purchased, and the doctrine of caveat emptor applies. The appellees have not misled anyone, nor practiced any fraud; they have not betrayed any trust or confidence; and the claim for the money paid by Klown being barred when this suit was brought, any equitable lien therefor, and which was but an incident of it, is also lost, because nothing is left to be secured. The case of a bailment is not analogous, because it exists by reason of the holder having obtained possession rightfully and through the owner.

Judgment *affirmed*.

*H. T. Clark, for appellants.*

*B. L. D. Guffy, for appellees.*