Commonwealth v. Still.

| 83 | 275 |
| 92 | 458 |
| 94 | 614 |
| 83 | 275 |
| 98 | 13 |
| 83 | 275 |
| 122 | 879 |

CASE 41—INDICTMENT—OCTOBER 13.

# Commonwealth v. Still.

APPEAL FROM BALLARD CIRCUIT COURT.

1. INDICTMENT—FALSE SWEARING.—The provisions of section 134 of the Code, as to the requisites of an indictment for perjury, do not, apply to an indictment for false swearing, it being sufficient in such an indictment to charge that the accused willfully and knowingly swore, deposed or gave in evidence that which was false in a, matter which was judicially pending, or on a subject on which he could be legally sworn, or on which he was required to be sworn. Nevertheless, proper allegations of the falsity of the testimony of the defendant are as necessary in an indictment for false swearing as in an indictment for perjury, and it is not sufficient to allege in general terms that the statements of the defendant as a witness were false, but the matter alleged to have been sworn to must be negatived by special averment.

2. CASE ADJUDGED.—It being charged in an indictment for false swearing that the defendant testified falsely that he did not see a game of cards played at a particular time and place, it was not sufficient to state merely that his statements were false, and known by him to be false, but it should have been averred that the accused did see the game of cards played at the time and place mentioned.

P. W. HARDIN, ATTORNEY-GENERAL, FOR APPELLANT.

The indictment is sufficient. The offense is properly charged, and the allegations of facts constituting the offense are definite and specific.

JUDGE LEWIS DELIVERED THE OPINION OF THE COURT.

The Commonwealth appeals from the judgment of the lower court sustaining a demurrer to the following indictment:

"The grand jurors of the county of Ballard accuse Thos. H. Still of the crime of false swearing, committed in manner and form, as follows: The said Still did, on the ninth day of October, 1883, before the finding of this indictment, in the county aforesaid, on

his examination as a witness, after being duly sworn to testify the truth on the trial of a cause of the Commonwealth of Kentucky, plaintiff, and T. P. Clark, defendant, then pending by indictment concerning the violation of the tavern bond of said Clark, which court had authority to administer said oaths, and after which the said Still did falsely and corruptly testify that he did not, between the twentieth day of June, 1881, and the twenty-second day of April, 1882, see a game or games of cards played in the tavern-house, or in the saloon of the said Clark, in which game or games of cards so played money nor property of value was bet, won nor lost, when T. P. Clark was present, or had any knowledge or information of the same so far as he, Still, knew. Nor did he testify before the grand jury of this county, when R. W. Shelbourne was foreman of the same, that he, Still, saw a game of poker played in Clark's hotel, at Wickliffe, when T. P. Clark, proprietor of the house, was engaged in the game upstairs in said building, where money or property was bet, won or lost, or when Clark was present. All which statements were false and known to be by said Still to be false at the time, and was willfully and corruptly made and testified to, said Ballard Circuit Court having jurisdiction and authority to examine into said charge against T. P. Clark," etc.

The Criminal Code requires an indictment in every case to be direct and certain as regards the party charged, the offense charged, the county in which the offense is committed, and the particular circumstances of the offense charged, if they be necessary

Commonwealth v. Still.

to constitute a complete offense. (Section 124.) And
in section 134 it is provided, that "in an indictment
for perjury or subornation of perjury, it is sufficient
to set forth the substance of the controversy or mat-
ter in respect to which the offense was committed,.
and in what court and before whom the oath alleged
to be false was taken, and that the court or the per-
son before whom it was taken had authority to ad-
minister it, with proper allegations of the falsity of
the matter on which the perjury is assigned," etc.

In an indictment, however, for false swearing, it is,
sufficient to charge that the accused willfully and
knowingly swore, deposed or gave in evidence that,
which was false in a matter which was judicially
pending, or on a subject in which he could be legally
sworn, or on which he was required to be sworn.
Nevertheless, proper allegations of the falsity of
the matter on which the false swearing is assigned
are as necessary to be made as are required in an
indictment for perjury. In each case the indictment
should be direct and certain as to the falsity of the
oath taken, which, in both cases, must be knowingly
and willfully made.

It is a settled rule in criminal pleading that
an indictment for perjury must negative by special
averment the matter alleged to have been sworn to
by the accused. (Archbold's Criminal Practice and
Pleading, volume 2, page 965.) And we see no rea-
son why the same rule should not be applied as a.
test of the sufficiency of an indictment for false
swearing. For in each case the issue is, whether
the accused has, on the matter about which he could

be legally sworn, willfully and knowingly sworn
falsely. According to that rule, we think the indict-
ment is defective.

It is sufficiently stated that the oath was taken
before a court authorized to administer it, and on a
subject in which the accused could be sworn; but
instead of negativing each or any of the statements
of the accused as a witness by special averments,
a general and sweeping charge is made in the indict-
ment that they were all false and known to be false
by him.

It should have been specially averred, if it could
truthfully, that the accused did see the game of
cards played at the time and place mentioned, that
money or property was then and there bet and won
or lost, and that the accused did know Clark had
knowledge or information of the game.

As to the attempted charge that the accused tes-
tified falsely before the grand jury, it is impossible
to say, if the indictment is construed according to
rules of grammar, whether the statement that the
accused did not testify to the facts mentioned is to
be considered as made on oath by him, or as a de-
claration or assertion in behalf of the Common-
wealth. But waiving this objection, there is no
averment that he did testify before the grand jury
at any time or about any matter.

For the reasons indicated, we think the indictment
is fatally defective, and the judgment sustaining the
demurrer to it is affirmed.