CASE 45—PETITION EQUITY—FEBRUARY 21.

## Johnson v. Johnson, &c.

APPEAL FROM LOUISVILLE CHANCERY COURT.

1. JUDICIAL SALES—EXCEPTIONS.—In an action against infants and their guardian to sell land owned jointly by the plaintiff with them, the plaintiff, after the sale, but before confirmation, filed an amended

petition seeking to set aside the sale because of a mistake in the description of the land sold. The infant defendants, by their guardian, entered their appearance to the amended petition, but did not controvert the facts therein stated, nor resist the relief sought; nor did the purchaser resist the setting aside of the sale. *Held*—That it was competent for the infants, by their guardian, to waive the filing of formal exceptions to the report of the sale, and adopt the paper filed as an amended petition as exceptions. Therefore the court did not err in setting aside the sale or in entering a supplemental order for a resale, giving a true boundary, although the amended petition was filed more than sixty days after the original judgment, and, therefore, after the expiration of the time within which the Louisville Chancery Court has control over its judgments.

2. It was not unconstitutional for the Legislature to empower the Louisville Safety Vault and Trust Company, a corporation, to act as the statutory guardian of infants, upon the execution of its own bond, without other security than its capital stock; and the provision of its charter conferring this power is broad enough to cover the bond provided for by section 493 of the Code.

CARY & SPINDLE for appellant.

An error in the pleadings and judgment as to the quantity of land directed to be sold, may be corrected on application of the parties interested, although more than sixty days had expired since the entry of the erroneous judgment. Appearance to the amended petition having been entered, no process was necessary. (Richards v. Richards, 10 Bush, 619; Elliott v. Ketchum, 14 Bush, 289; Bacon v. Bills, 6 Ky. L. R., 218; Ramage v. Clemens, 4 Bush, 162.)

G. A. WINSTON for appellees.

An amended judgment entered more than sixty days after the rendition of a final judgment is void. (Civil Code, sec. 772; Rock and Lime Co. v. Kerr, 78 Ky., 12.)

JUDGE BENNETT delivered the opinion of the court.

The appellant instituted this action in equity against the infant appellees and their statutory guardian, the Louisville Safety Vault and Trust Company, for the purpose of procuring a sale of the lot of ground in controversy, which is owned jointly by the appellant and infant appellees. The sale was sought on the ground that the lot was indivisible, etc. A judgment

was rendered directing the sale of the lot. The lot was sold under this judgment; but before the sale was confirmed, the appellant filed an amended petition, in which he sought to set aside the sale, upon the ground that there was a mistake in the distance of one of the lines of the lot as set out in the petition and judgment. The distance, as therein set out, was represented as being one hundred and five feet on Breckinridge street, when the correct distance was only ninety-five feet on said street. The infant appellees, by their statutory guardian, entered their appearance to the amended petition, but did not controvert the facts therein stated; nor did they resist the relief sought; nor did the purchaser resist the setting of the sale aside. Thereupon the sale was set aside, and a supplemental order or judgment was filed, setting forth the correct boundary of the lot, and ordering a resale of it. At this sale W. W. Hite became the purchaser, which was duly reported to the court. Thereafter the purchaser, W. W. Hite, filed exceptions to the report of sale, only two of which it is necessary to notice. The first one is, that the amended petition, having been filed more than sixty days after the rendition of the original judgment, which was final, the supplemental judgment, or order, was void, for the reason that, by section 772 of the Civil Code, the Chancellor had no control over his judgments longer than sixty days from the time of their rendition.

Under the circumstances of this case, we can not consent to this proposition. The amended petition did not seek to set aside the judgment theretofore

rendered. It only sought to set aside the sale. It informed the court that there was a mistake as to the correct quantity of land sold, and pointed out in what particular the mistake consisted. The procedure adopted to make known the mistake was called an amended petition, instead of an exception to the report of sale. The appellees, by their statutory guardian, consented to this manner of procedure, which brought the matter of the mistake as fairly, fully and completely before the court as could have been done by exceptions to the report of sale. It was competent for the appellees, by their statutory guardian, to waive the filing of formal exceptions, and adopt the paper filed as an amended petition, as the exceptions to the report of sale; and as the paper had the effect of exceptions to the report of sale, to the truth of which the appellees, by their statutory guardian, assented, the court committed no error in setting the sale aside.

So the sale having been rightly set aside, upon the ground that the length of the line on Breckinridge street was ninety-five feet instead of one hundred and five feet, the court resumed the absolute control of the lot, with the distance of said line corrected, for the purpose of a resale of it in accordance with its true boundary; and it would follow, as a matter of course, that the court would have the power, by a supplemental order (call it a judgment if you please), to order the resale of the lot in accordance with its true boundary.

The appellee, W. W. Hite, also contends that that part of the Louisville Safety Vault and Trust Com-

pany's charter that authorized it to qualify and act as statutory guardian of infants upon the security of its capital stock for the faithful discharge of its duties is unconstitutional.

It is certainly competent for the Legislature to decide as to what security shall be sufficient in such cases. By section 493 of the Civil Code, it is provided that, as a precedent condition of obtaining the sale of an infant's real estate by his statutory guardian, such guardian shall execute bond, with at least two sureties, worth not less than double the value of the property to be sold, etc. The Legislature would certainly have the right to repeal or amend this section, and enact in its stead that only one surety, or security other than personal sureties, should be sufficient. Here the Legislature saw proper to create a corporation, with power, among other things, to qualify and act as the statutory guardian of infants upon the execution of its own bond, with the pledge of its capital stock as security for the faithful discharge of its duties. If it be constitutional for the Legislature to confer upon this corporation the power to act as statutory guardian, and we think it is constitutional, it follows that the Legislature has the power to prescribe the terms upon which it may act as such guardian.

It was decided by this court, in the cases of Phalan v. Louisville Safety Vault and Trust Company, *ante*, page 24, and Bank of Commerce v. Payne, Viley & Co., 86 Ky., 446, that the provision of the charter in reference to empowering the company to act as guardian upon its own bond, was broad enough to

cover the bond mentioned in section 493 of the Civil Code.

The judgment of the lower court is reversed, and the case is remanded, with direction to set aside the judgment setting said sale aside, and set aside the order setting aside the order confirming the report of sale, and for other proceedings consistent with this opinion.