Commonwealth v. Kane.

CASE 82—INDICTMENT—JANUARY 7.

## Commonwealth v. Kane.

APPEAL FROM CUMBERLAND CIRCUIT COURT.

1. AN INDICTMENT FOR FALSE SWEARING must show that the accused was sworn by one authorized to administer an oath as to a matter judicially pending, or as to which he could be lawfully sworn, and that he willfully and knowingly swore falsely; and the matter alleged to have been sworn must be negatived by special averment.

2. SAME.—The averment in an indictment for false swearing that the accused, after being sworn upon a certain trial in a circuit court, made as a witness the alleged false statement to the jury, is in substance a statement that he was sworn as a witness in court upon that trial; and it is immaterial that it is not stated whether the oath was administered by the judge or the clerk.

W. J. HENDRICK, ATTORNEY GENERAL, FOR APPELLANT.

The indictment is good. (Commonwealth v. Powell, 2 Met., 13.)

Commonwealth v. Kane.

ALLEN & ALLEN for appellee.

1. The indictment is defective in that it fails to allege that the accused was sworn by an officer authorized to administer an oath. (Crim. Code, secs. 124, 134; Commonwealth v. Still, 83 Ky., 275; Ritchy v. Commonwealth, 81 Ky., 525.)
2. An indictment for false swearing must negative by special averment the matter alleged to have been sworn to by the accused. (Commonwealth v. Still, 83 Ky., 275.)

CHIEF JUSTICE HOLT DELIVERED THE OPINION OF THE COURT.

The appellee, Thomas Kane, having been convicted to the penitentiary for one year for false swearing, his motion in arrest of judgment was sustained and the indictment dismissed.

The only ground upon which such a motion can be made is that the matters stated in the indictment do not constitute a public offense within the jurisdiction of the court. (Criminal Code, sec. 276.)

An indictment for this offense must show that the accused was sworn by one authorized to administer an oath as to a matter judicially pending or as to which he could be lawfully sworn, and that he willfully and knowingly swore falsely. (Commonwealth v. Powell, 2 Metcalfe, 10.)

Counsel for the appellee correctly say that the matter alleged to have been sworn must be negatived by special averment in the indictment; but'this is substantially done. (Commonwealth v. Still, 83 Ky., 275.)

The objection mainly urged to the indictment, and which is worthy of consideration, is that it does not aver where or before whom the false oath was taken, or that it was administered by one authorized to do so.

If, however, this is substantially done, and with sufficient certainty to apprise the accused of what the State

will attempt to prove in this respect, then the legal requirement is fulfilled.

This indictment states: "The said Kane did then and there unlawfully, willfully, knowingly, feloniously and corruptly swear, depose and give in evidence before a jury in the Cumberland Circuit Court, at its November Term, 1889, that which was false and well known to be false by the said Kane when made, to-wit: he, the said Kane, first being duly sworn, stated and swore in a prosecution of the Commonwealth of Kentucky against Dave McComus for carrying concealed upon and about his person a deadly weapon other than an ordinary pocket knife, to-wit: a pistol, then pending and then being tried before a jury in the Cumberland Circuit Court." * * * *

It will be seen, it avers the accused, after being sworn upon a certain trial in a circuit court, made as a witness the alleged false statement to the jury. Certainly this is in substance a statement that he was sworn as a witness in court upon that trial. It means, and can only mean, that the oath was administered to him in the course of justice by that court. The words used are sufficient to convey this meaning to one of less than ordinary understanding.

It is true it does not say whether it was done by the judge or the clerk; but an oath administered by the latter is ordinarily equivalent to its being done by the former, and it does aver that he was sworn upon the McComus trial in the Cumberland Circuit Court. While a certain degree of particularity is needed for the protection of life and liberty in the conduct of trials of persons accused of crime, yet this should only be so far extended as to afford a fair trial.

The matters stated in the indictment constituted a public offense, and this opinion is ordered to be certified to the lower court as the law of the case.