CASE 5—INDICTMENT—SEPTEMBER 20.

## Commonwealth v. Sanders.

APPEAL FROM HENDERSON CIRCUIT COURT.

AN INDICTMENT FOR OBTAINING PROPERTY BY FALSE PRETENSES must negative by special averment the matter as to which the alleged false pretense or statement was made. It is not sufficient to allege merely that the defendant "did, unlawfully; falsely and feloniously represent and pretend" that certain things were true.

WM. J. HENDRICK, ATTORNEY-GENERAL, AND J. H. POWELL, COMMONWEALTH'S ATTORNEY, FOR APPELLANT.

The indictment contains all the averments necessary to constitute a

good indictment for obtaining goods by false pretenses. (Wharton's Crim. Law, 9th ed., vol. 2, secs. 1150, 1174, 1176; 2 Bishop's Crim. Law, 6th ed., secs. 420, 424, 427, 437, 438, 464; Commonwealth v. Murphy, 16 Ky. Law Rep., 224; Commonwealth v. Grady, 13 Bush, 285; Hennessy v. Commonwealth, 88 Ky., 301; Commonwealth v. Whitney, 8 Ky. Law Rep., 776; 2 Bishop's Crim. Proc., secs. 165 to 186.)

JUDGE LEWIS DELIVERED THE OPINION OF THE COURT.

The indictment in this case, to which a demurrer was sustained, is substantially as follows: "The grand jury * * accuse Chas. Sanders of the crime of obtaining goods and property by false pretenses committed in manner and form as follows: The said Chas. Sanders on the first day of March, 1895, and upon finding of this indictment in said county of Henderson did unlawfully, falsely and feloniously represent and pretend to D. W. Cummings that the Ohio Valley Railway Company, a corporation existing under and by virtue of the laws of Kentucky, owed him, the said Chas. Sanders, a certain amount of money; that there were two pays coming to him from said Ohio Valley Railway Company; that he had not been paid, but would get his money the next day and that he then had a job on said railroad. By these false representations and pretenses said Chas. Sanders obtained from said D. W. Cummings a piece of meat (one ham) property subject of larceny, belonging to said D. W. Cummings, and the said D. W. Cummings believed and relied upon the truth of said pretenses and representations which were known to be false by said Chas. Sanders when made and were wilfully, fraudulently and falsely made with the intention to commit a fraud, etc."

In the case of Commonwealth v. Still, 83 Ky., 275, this court in deciding as to sufficiency of an indictment for false swearing used this language: "It is a settled rule in criminal pleading that an indictment for perjury must negative

by special averment the matter alleged to have been sworn to by the accused. (Archbold's Criminal Practice and Pleading, vol. 2, page 965.) And we see no reason why the same rule should not be applied as a test of the sufficiency of an indictment for false swearing. For in each case the issue is whether the accused has, as to a matter about which he could be legally sworn, wilfully and knowingly sworn false-ly. According to that rule we think the indictment is de-fective."

In an indictment, such as this, for obtaining money or property by false pretense or statement the issue is whether the accused wilfully and knowingly made the alleged false pretense or statement; and if so he is just as guilty of a crime and liable to punishment as if they had been in due form of law sworn to. In our opinion the indictment in this case should have been as direct and certain as to the falsity of the pretense or statement made, as if it had been made on oath under penalty of punishment for the crime of perjury or false swearing, and consequently applying the rule mentioned it must be held fatally defec-tive because it does not negative by special averment the matter as to which the alleged false pretense or statement was made.

The indictment is, we think, in other respects, defective, but we need not particularly refer to them, because for the reason stated the judgment must be affirmed.