## Coulter v. Commonwealth.

(Decided September 24, 1913).

## Appeal from Monroe Circuit Court.

1. Indictment—Pleading—Alternative Pleading Not Authorized by Criminal Code.—Alternative pleading is not authorized by the Criminal Code, therefore an indictment charging defendant with having sworn falsely upon one of two occasions when he made conflicting statements under oath, but stating that the grand jury did not know which statement was true is insufficient.

2. Indictment—False Swearing.—In an indictment for false swearing the alleged false statement must be negatived by special averment.

W. S. SMITH, JACKSON, DENHAM & COPAS, SPEAR & DENTON and MAX B. HARLIN for appellant.

JAMES GARNETT, Attorney General; D. O. MYATT, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE TURNER—Reversing.

An indictment was returned against appellant wherein it was attempted to charge him with false swearing; his demurrer to the indictment was overruled, and being placed upon trial he was found guilty, and from that judgment he appeals.

Several reasons are given for reversal, but in view of our conclusion as to the sufficiency of the indictment we will consider only one.

The indictment is as follows: "The grand jury of Monroe County, in the name and by the authority of the Commonwealth of Kentucky, accuse James Coulter of the crime of false swearing, committed as follows, viz.: The said James Coulter on the —— day of ——, 1910, and before the finding of this indictment, in the county

and Commonwealth aforesaid, did unlawfully, after having been duly sworn to testify to the truth in an inquiring court held by and in the office of M. D. Kidwell, then judge of the Monroe County Court, said Judge having authority to administer an oath, touching the whereabouts of a deed made by one Milton Brown to his the said Brown's sons, Roland, Bether and Wesley Brown, did then and there knowingly and falsely state and swear that he did not hear Milton Brown tell R. G. Railey at Railey's office or any where else on the face of the earth to burn or destroy said deed;" that on the —— day of April, 1911, and before finding of this indictment, said Coulter, after first being duly sworn by the judge of the Monroe Circuit Court, said judge having authority to administer said oath, to testify to the truth in a trial of a prosecution then pending in said court, wherein the Commonwealth of Kentucky was plaintiff and R. G. Railey was defendant, charged with burning or destroying said aforesaid deed, did willfully, knowingly and falsely state and swear that he did hear Milton Brown tell R. G. Railey at Railey's office to burn or to destroy said deed—one of the other of said statements so made by said Coulter is and was false and untrue and were known to be false and untrue by said Coulter at the time he made same, but which one of said statements was false and untrue is to this grand jury unknown, but was known by said Coulter to be false and untrue when he made same, when in fact and in truth said Coulter did or did not hear Milton Brown tell said Railey to burn or destroy said deed, but whether he did or not hear said Brown so state is to this grand jury unknown, but is and was known to said Coulter when he made same, contrary to the form of the statutes in such cases made and provided and against the peace and dignity of the Commonwealth of Kentucky."

By the provisions of section 124 of the Criminal Code an indictment is required to be direct and certain as regards the offense charged, and the particular circumstances of the offense charged must be set out in it if they are necessary to constitute a complete offense.

From the very nature of the offense of false swearing it is essential to set out the particular circumstances constituting it; that is that the defendant at a certain time and upon a certain occasion made certain false

statements while under oath, and setting out in substance the false statement charged.

The statement so given by him must be charged in the indictment to be false, that he knew it was false at the time, and must be distinctly negatived in the indictment.

The indictment in question does not charge that the defendant upon any certain occasion made any specified false statement; but charges in the alternative that upon one of two occasions he made false statements, having made conflicting statements upon the two occasions named, and that upon which one of them the false statement was made, or which statement was false, was unknown to the grand jury. There is no provision in our Criminal Code authorizing alternative pleading, and it is perfectly apparent that such an indictment does not conform to the requirements of the Code, and is not sufficiently certain and direct in its charge of the offense, or particular circumstances under which it was committed.

It is a well settled rule in this State that an indictment for false swearing must negative by special averment the matter alleged to have been falsely stated. Commonwealth v. Still, 83 Ky., 275; Commonwealth v. Kane, 92 Ky., 457; Commonwealth v. Porter, 17 R., 554.

In this indictment, not only is the statement alleged to have been made not negatived, but on the contrary it was expressly stated that the grand jury did not know which of the statements was true. Clearly such an indictment was insufficient.

Judgment reversed, with directions to sustain the demurrer.