## Commonwealth v. Bennett.

(Decided February 13, 1925.)

### Appeal from Caldwell Circuit Court.

Perjury—Indictment Alleging Defendant "Well Knew" Falsity of Statements, Held Insufficient.—An indictment for false swearing, in violation of Ky. Stats., section 1174, which charged that defendant "well knew" that alleged statements were false, held fatally defective, in that it failed to sufficiently negative truth of such statements.

FRANK E. DAUGHERTY, Attorney General, and S. D. HODGE for appellant.

J. E. BAKER, C. A. PEPPER and W. J. MILLER for appellee.

OPINION OF THE COURT BY JUDGE CLARKE—Affirming.

The indictment herein accuses the defendant of false swearing, as denounced by section 1174, Ky. Stats., and the only question presented by this appeal is whether the trial court erred in sustaining a demurrer thereto.

Although counsel for appellee insist it is defective in many respects, there is in our judgment no merit in any criticism thereof, unless it be that it fails properly to negative the truth of the alleged statements. It does not in direct terms do this, but instead alleges that the defendant "well knew" that same were not true. In at least two cases this court has expressly held such an indictment fatally defective for this very reason. Commonwealth v. Still, 83 Ky. 275, 8 R. 208; Commonwealth v. Weingartner, 16 R. 221, 27 S. W. 815. In the latter the court said:

> " 'It is a settled rule in criminal pleading,' said this court in Commonwealth v. Still, 83 Ky. 275, "that an indictment for perjury,' and one for false swearing as well, 'must negative by special averment the matter alleged to have been sworn to by the accused.'
>
> "In the case under consideration we may reach the conclusion by a process of reasoning, and only by such process, that to aver that the witness *well knew* he had authorized and consented to the subletting is equivalent to the averment that he had authorized and consented to it, but it is not in fact a specific averment of the falsity of the matter on which the false swearing is assigned, and this is held to be necessary in all cases."

Wherefore, upon authority of these cases, the judgment is affirmed.