## Kinniard v. Commonwealth.

(Decided March 7, 1930.)

A. J. THOMPSON, G. B. STONE, R. L. SMITH and E. C. TERRY for appellant.

J. W. CAMMACK, Attorney General, and SAMUEL B. KIRBY, Jr., for appellee.

348

Appellant, Walter Kinniard, was convicted of false swearing, as denounced by section 1174 of the Kentucky Statutes, and appeals. The alleged false testimony was given before the Metcalfe county grand jury. An officer accompanied by another person, came upon Herman Harris, Claude Stevens, and appellant in a field near a thicket. When appellant and the other members of the party saw the officer, one of them threw away a bottle and another poured something out of a bottle. The officer ascertained that the bottles contained whisky and at once took appellant before the grand jury which was then in session. An indictment for false swearing was returned against him, based upon his testimony before the grand jury. The indictment reads: ''The Grand Jury of the County of Metcalfe in the name and by the authority of the Commonwealth of Kentucky, accused Walter Kinniard of the crime of false swearing committed in manner and form as follows, to-wit: The said Walter Kinniard in the said County of Metcalfe, on the — day of March, 1929, and within twelve months before the finding of this indictment, did unlawfully, willfully knowingly, corruptly and feloniously, depose, swear and give in evidence that which he knew to be false for the purpose of defeating and obstructing justice. Having been duly sworn by John D. Oaks, foreman of the Metcalfe County Grand Jury, which Grand Jury was duly impaneled and in legal session and questioning said witness, Walter Kinniard, about liquor law violation a matter within their jurisdiction and said witness while so testifying under oath stated that neither he, nor Herman nor Claude Stevens had any intoxicating liquor that day and that neither he, Herman Harris nor Claude Stevens threw away a bottle of intoxicating liquor in a field near Edmonton in the presence of W. E. Harris, and while in the presence of himself, Herman Harris and Claude Stevens, and that he saw no liquor on said occasion and at said place, when in fact and in truth he did see a bottle of intoxicating liquor thrown away by one or the other of the said Herman Harris, Walter Kinniard or Claude Stevens, and did see a bottle of intoxicating liquor on said occasion and place; but the said Walter Kinniard stated falsely, knowingly, willfully and corruptly and feloniously as aforesaid for the willfull, felonious and corrupt purpose of defeating justice. Contrary to the form of the statute in such cases made and

provided, and against the peace and dignity of the Commonwealth of Kentucky.'' A demurrer to the indictment was overruled, and of this ruling of the trial court the appellant complains on this appeal.

It is urged in appellant's behalf that the demurrer should have been sustained because the indictment is defective, in that it fails to allege that the accused was sworn by an officer authorized to administer an oath and to negative by special averment the matter alleged to have been sworn to by him. The indictment alleged that John D. Oaks, who administered the oath, was the foreman of the grand jury which had been duly impaneled and was in legal session. Section 106 of the Criminal Code of Practice provides that the foreman of the grand jury shall have power to administer the oath to the witnesses appearing before that body. After the grand jury had been duly impaneled, the foreman was empowered to administer the oath to witnesses, and an allegation in the indictment that he was authorized to administer the oath would be surplusage. Commonwealth v. Smock, 8 Ky. Law Rep. 143; Commonwealth v. Kane, 92 Ky. 457, 18 S. W. 7, 13 Ky. Law Rep. 655.

In the last-cited case the indictment failed to allege that the accused was sworn by an officer authorized to administer the oath, and in holding the indictment sufficient the court said: ''The objection mainly urged to the indictment, and which is worthy of consideration, is that it does not aver where or before whom the false oath was taken, or that it was administered by one authorized to do so. If, however, this is substantially done, and with sufficient certainty to apprise the accused of what the state will attempt to prove in this respect, then the legal requirement is fulfilled.'' Also see Harris v. Commonwealth (Ky.) 24 S. W. ——, decided February 25, 1930.

It is a well-settled rule in criminal pleadings that an indictment for false swearing must negative by a special averment the matter alleged to have been sworn to by the accused (Commonwealth v. Still, 83 Ky. 275, 7 Ky. Law Rep. 293, 8 Ky. Law Rep. 208), but the indictment here in question fulfills that requirement. There is a specific averment of the falsity of the matter on which the false swearing is predicated. Appellant also claims that the evidence upon which he was indicted was acquired illegally, since the officer at the time of the arrest had neither a warrant of arrest nor a search war-

rant. Neither was necessary, even had he been on trial charged with the offense of unlawfully having liquor in his possession, as the offense was committed in the presence of the officer, and at a place here the officer had a lawful right to be, so far as the record discloses.

Finding no error prejudicial to appellant's substantial rights, the judgment is affirmed.