## Jones v. Commonwealth.

(Decided Sept. 28, 1937.)

RICHARD L. GARNETT and H. K. SPEAR for appellant.

HUBERT MEREDITH, Attorney General, and W. OWEN KELLER, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE RATLIFF—Affirming.

The grand jury of Monroe county indicted the appellant and Gene Burgess charging them with the offense of obtaining property by false pretenses. A separate trial was granted to appellant and the jury found him guilty and fixed his punishment at two years in the penitentiary. He has appealed from that judgment and insists on a reversal on two grounds, (1) that the court erred in overruling the demurrer to the indictment and (2) the court erred in its instructions to the jury. The indictment reads as follows:

"The Grand Jury of Monroe County in the name and by the authority of the Commonwealth of Kentucky, accuse Gene Burgess and Charlie Jones of the crime of Obtaining Money and Property under False Pretenses, committed as follows: The said Gene Burgess and Charlie Jones, in the County and Commonwealth aforesaid on the —— day of 1935, and within twelve months before the finding of this indictment, did unlawfully, willfully and feloniously conspire and agree each with the other to defraud J. G. Peden out of one mare and $40.00 of good and lawful money of the United States and in pursuance to said agreement and conspiracy and while same existed, did unlawfully, willfully, feloniously and fraudulently state and represent to J. G. Peden that a mule that the said Burgess and Jones had was sound and all right and a good work mule; that said Peden relying on said statements and representations traded one mare and $40.00 of good and lawful money of the United States to said mule, they knowing at the time of making said false and fraudulent statements and representations that said mule was not sound and all right and a good work mule, and that said mule had the 'Bull Heaves' and they well knew same was not sound and all right, or a good work mule, and that they knew said statements were false and untrue

and that they made said false and fraudulent statements and representations with the intent to, defraud the said Peden out of his said mare and his said $40.00 good and lawful money of the United States, and did so defraud, it is further charged that the said Peden would not have parted with his said mare and his said $40.00 if it had not been for the false and fraudulent statements made by the said Burgess and Jones.''

One objection urged to the indictment is that it failed to negative the material facts which the prosecution expected to prove, in that it failed to charge that the statements made by appellant and Burgess were untrue.

The exact words that the statements ''were untrue'' are not used, but other words were used and facts stated which in substance mean that the statements were untrue. It will be noticed that the indictment charges that the defendants ''unlawfully, willfully, feloniously and fraudulently stated and represented to Peden that the mule was sound and all right, they knowing at the time of making said false and fraudulent statements and representations that said mule was not sound and all right and they knew said statements were false and untrue and made same for the purpose and intent to defraud the said Peden out of his property,'' etc

Appellant cites and relies on the case of Commonwealth v. Sanders, 98 Ky. 12, 32 S. W. 129, 17 Ky. Law Rep. 544. But it will be observed that the language contained in the Sanders Case is not the same as used in the present case. In the present case the language that appellant and Burgess represented the mule to be sound, they knowing at the time the mule was not sound, is tantamount to a charge that the statements were untrue. In Commonwealth v. Scroggin, 60 S. W. 528, 529, 22 Ky. Law Rep. 1338, the language used was they ''knowing that he had no such contract.'' In the present case the language used is much stronger than that used in the Scroggin Case, and this court held the language used in that case sufficient and held the indictment good.

The second objection, urged by counsel for appellant, to the indictment is that the accusatory and descriptive parts of it do not correspond, in that the accusatory part charges the appellant and Burgess with the crime of obtaining money and property by false

pretenses, while the descriptive part alleged a conspiracy for the purpose of obtaining money and property by false pretenses, and therefore charges two offenses. We cannot subscribe to such a construction of the indictment. The accusatory part charges the offense committed and the descriptive part sets out the methods and means employed and resorted to by the defendants to effectuate or commit the offense charged in the accusatory part. Appellant relies on the case of Privett v. Commonwealth, 233 Ky. 471, 26 S. W. (2d) 3. In that case the accusatory part of the indictment charged the common-law offense of arson, the unlawful burning of a dwelling house, while the descriptive part charged the statutory offense of burning a storehouse, an offense denounced in section 1168 of the Kentucky Statutes, and very clearly charged two offenses. In the case at bar only one offense is charged and both the accusatory and descriptive parts of the indictment are directed and confined to that particular offense, to wit, obtaining property by false pretenses.

However, if the descriptive part of the indictment had charged a conspiracy only without charging that the offense mentioned in the accusatory part was actually perpetrated or carried out, appellant's contention might be well taken. But the descriptive part charges that the offense of obtaining money by false pretenses was actually perpetrated and carried out, which is in harmony with the accusatory part, hence only one offense charged. We find no merit in the objections to the indictment, and the court did not err in overruling the demurrer to same.

It is next insisted that instruction No. 4 given by the court relating to Gene Burgess, the conspirator, was erroneous. That instruction reads:

"You can not convict the defendant upon the testimony of Gene Burgess unless corroborated by other evidence tending to *convict* the defendant with the commission of the crime and the corroboration is not sufficient if it merely shows the offense was committed and the circumstances thereof." (Our italics.)

It will be noticed that in the above instructions the word *convict* is used instead of the word *connect*. This obviously was a typographical error. But be that as it may, the word "convict" is a stronger term than the word "connect" and put a greater burden on the

Commonwealth than the word "connect," and therefore more favorable to the appellant, and could not have been prejudicial. See Underwood v. Commonwealth, 266 Ky. 613, 99 S. W. (2d) 467; Shepherd v. Commonwealth, 236 Ky. 290, 33 S. W. (2d) 4.

Finding no prejudicial error, the judgment is affirmed.

Baird, J., not sitting.