## W. A. L. RAWSON, Administrator, *vs.* MYRA H. KNIGHT, Administratrix.

### Knox.   Opinion March 15, 1880.

*R. S., c. 87, § 11; stat. 1872, c. 85.   Administrator.   Pleading.   Attorney. Estoppel.*

The notice to and demand upon an administrator or executor required by R. S., c. 87, § 11, as amended by c. 85, of the acts of 1872, must be given to and made upon such executor or administrator personally.

An omission to give such notice and make the demand may be taken. advantage of under a special plea or a brief statement under the general. issue.

The reception of such notice and demand by an agent or attorney, is not incident to a general appointment or employment to assist in settling an estate; nor will such an appointment relieve claimants from any duty incumbent upon them by force of the statute.

Such notice and demand may be waived in whole or in part. If the written notice and demand is left with a person or at a place, designated by the person upon whom it should be served, under the provisions of the statute,. such service would be sufficient by way of waiver or estoppel.

ON REPORT.

ACTION OF ASSUMPSIT for two five hundred dollar United. States bonds.   Writ is dated November 26, 1877.

Plea, general issue, with the following brief statement :

"And the defendant further says, by way of brief statement as matters of her defence, that the claim and demand, declared upon and described in the plaintiff's said writ, was not presented to her in writing and payment demanded at least thirty days. before the said action was commenced."

At the trial, Jno. B. Stetson testified; examination by Mr.. Gould :

*Answer.*—I called on Mr. Montgomery and he sent me to Mrs. Knight.   I went to her and asked her for those bonds, and she said: "Go and see Mr. Montgomery."   She said Mr.. Montgomery was doing her business and he would attend to it.. *Question.*—Did you employ me, or the firm of Gould & Moore,. afterwards, to act for you?   *Answer.*—Yes.

A. P. Gould, Esq., testified as follows :   I was employed,—or our firm was employed—by Mrs. Stetson, through her son, who brought authority, and we took a retaining fee for the

prosecution of this suit, on the fifth of September, 1877. On the twenty-ninth day of the same month—twenty-ninth of September, 1877,—I went to Camden myself. Before going, my partner, Mr. Moore, drew the demand and notice on this claim, which notice I hold in my hand. This is in his hand writing, and he drew a duplicate of it. He took one and I took the other and we compared them by reading. I took both with me to Camden. I had some other business at Camden and I remained there some time. I was proceeding to go to Mrs. Knight's house, having learned where it was, to leave one of the duplicates, but before I started to go to the house I met Mr. Montgomery, and stated to him what I was about to do, and he stated to me that there was no need of me going to the house; that he would take the paper. He took the paper and this [in witness' hand] is a duplicate.

Notice.—"To Mrs. Myra H. Knight, administratrix upon the estate of Elbridge G. Knight: You will please to take notice that I have a claim against the estate of Elbridge G. Knight, for two five hundred dollar United States government bonds,—one five hundred dollar bond numbered 32,546, due in 1881; one five hundred dollar bond numbered 33,380, of the issue of 1867, with the coupons thereon from July 1, 1875. Said bonds were loaned in 1875, to said Knight by me and I hereby demand the return of the same to me forthwith or their value, and the value of the coupons thereon at the time of my said loan in cash.

Respectfully, yours,

HARRIET B. STETSON,

By Gould & Moore, her attorneys."

September 29, 1877."

Witness.—I made that minute on the duplicate after I got home, and charged for going to Camden and drawing the papers. The minute on the paper is as follows: "Copy left with Montgomery for Mrs. K., September twenty-ninth, 1877.

A. P. G."

If the notice (statutory,) either under the pleadings or otherwise, was sufficient, the case was to stand for trial; if not, a nonsuit to be entered.

*A. P. Gould,* for the plaintiff.

By the stat. 1872, c. 85, the notice is not specifically required to be given the administrator in person. R. S., c. 87, § 11, required the claim to be presented "to the administrator;" this was struck out by the statute of 1872, in order that the service might be good, if made upon an agent. Counsel claimed that the testimony established the agency of Montgomery, and that notice to him was equivalent to notice to the principal. R. S., c. 1, § 4, XXI; Story, Agency, § 140, and cases cited in note; *Astor* v. *Wells*, 4 Wheat. 466; *Gale* v. *Lewis*, 9 Q. B. 730 (58 E. C. L. R. 728,); 9 S. & M. 476; *Patterson* v. *Ins. Co.* 40 N. H. 375; *Williams* v. *Gitty*, 31 Pa. St. 461; *Owen* v. *Roberts*, 36 Wis. 258; *Whitehead* v. *Wells*, 29 Ark. 99; 2 Green, 420; 3 Story's R. 659; 10 N. Y. 178; 20 N. Y. 468.

The want of statute notice should have been pleaded in abatement. Counsel argued this proposition in another case.

*J. H. Montgomery* and *C. E. Littlefield*, for the defendant.

The statute makes the presentment and demand a material part of the case,—its foundation; and it is one of the facts to be proved under general issue. The want of it need not be pleaded in abatement. 1 Chitty Pl. 435; Stephen Pl. 48; *Brown, Adm'x,* v. *Nourse et als.* 55 Maine, 230; *Belmont* v. *Pittston*, 3 Maine, 453; *Stevens* v. *Adams*, 45 Maine, 611; *Nichols* v. *Perry*, 58 Maine, 29; *Hager* v. *Union Nat. Bank*, 63 Maine, 509; *Merrill* v. *Shattuck*, 55 Maine, 370; Gould Pl. c. VI, § 62.

The evidence only discloses that Montgomery was counsel for the defendant. It does not show any waiver of notice by defendant or that she ever had notice. *Merrill* v. *Shattuck, supra; Bridgton* v. *Bennett*, 23 Maine, 420; *Jewett* v. *Wadleigh*, 32 Maine, 110; *McKeen* v. *Gammon*, 33 Maine, 187; 1 Greenl. Ev. § 186, (13th ed.); *Veazie* v. *Rockland*, 68 Maine, 511.

DANFORTH, J. By R. S., c. 87, § 11, as amended by c. 85, of the acts of 1872, it is provided that—"No action against an executor or administrator . . . on a claim against the estate shall be maintained, . . . unless such claim is first presented in writing, and payment demanded at least thirty days before the action is commenced."

In this case, it is objected that the provisions of this statute have not been complied with; to which the plaintiff replies, claiming a compliance, or if not, that the defendant is too late, the objection should have been taken by a plea in abatement, and not by a brief statement under the general issue.

"The grounds for a plea in abatement are any matters of fact tending to impeach the correctness of the writ or declaration; *i. e.*, to show that they are improperly framed, without, at the same time, tending to deny the right of action itself." Stephen on Pleading, 47. "A plea in bar is distinguished from all pleas of the diliatory class, as impugning the right of action altogether, instead of merely tending to divert the proceedings to another jurisdiction, or suspend them, or abate the particular writ or declaration. It is, in short, a substantial and conclusive answer to the action;" *Ibid.* 51.

It is evident, that a plea proper to raise the objection under consideration, will come under the latter definition. The statute makes the presentment in writing and demand indispensable prerequisites to the maintenance of the action. They are elements in the cause of action to be alleged in the declaration and proved by the plaintiff, as much as any other fact necessary to a recovery. Hence, an omission in this respect, is as "substantial and conclusive an answer to the action, as a failure to prove any other fact involved in the case. A nearly or quite universal test of the necessity of resorting to a plea in abatement, is, that it presupposes and must give to the plaintiff a better writ. In this case no better writ can be given, for the simple reason that if the objection prevails it is fatal to the action.

This statute is of a comparatively recent date, and so far as we are aware, has not received a judicial construction; but others of a similar import have often been before the court, and have uniformly been construed in accordance with the views here expressed. In *Hathorn* v. *Calef*, 53 Maine, 471, the notice required to be given stockholders in a corporation of a want of attachable corporate property in order to hold them for the debts of the corporation, was recognized as a substantive part of the action against such stockholder, necessary to be alleged in the declaration and proved by the plaintiff under a plea in bar. In

*Nichols* v. *Perry*, 58 Maine, 29, the same principle was recognized without a question, in relation to the statute requiring notice from a mortgagee to an officer attaching the mortgaged property as that of the mortgager.    The statute requiring a demand before commencing an action of dower, would seem to be exactly analogous to that under consideration, and under that it has long and uniformly been held that the demand must be alleged, and its omission is fatal under a demurrer, or if alleged, it must be proved under a proper plea in bar.    Jackson on Real Actions, 316; *Luce* v. *Stubbs*, 35 Maine, 92; *Freeman* v. *Freeman*, 39 Maine, 426.

In the case at bar there is no allegation of presentment and demand in the declaration, but as no demurrer was filed, that defect is waived.    There is, however, with the general issue, a brief statement filed, which is sufficient to require proof of a compliance on the part of the plaintiff, with the statute, or a waiver of such compliance by the defendant, and thus distinctly raises the principal question involved in this case, and that is, Whether the evidence reported is sufficient to authorize a jury to find the required presentment and demand or a waiver.

It is clear that a fair construction of the statute requires that the written claim shall be presented to, and the demand made of, the executor or administrator.    True, this is not in terms required, but no other person is referred to, and the object of the demand is to give such information and such time for investigation, as shall enable intelligent action; and certainly we cannot expect action except from him upon whom alone rests the duty, as well as the responsibility.    The service then to be made upon an individual, must necessarily be a personal service, for the statute authorizes no other.    Sedgwick on the Construction of Statutory Law, 378.

It is undoubtedly true as a general rule, that what a person may do by himself, he may do by another, as his agent.    But this rule is applicable only when there is something to be done and not merely to suffer.    The executor or administrator in this matter is merely a recipient, and not the acting party.    The demand is but the initiatory process of the action.    Until that is done there is no occasion for an agent; no act for him to do but

simply to await action of the party making the claim. The very fact that the statute provides for the appointment of an agent, or attorney, upon whom a demand may be made, when the executor or administrator resides out of the State, is a clear intimation that no such appointment is contemplated when not so residing. Even if an agent or attorney were appointed to assist in settling an estate, the reception of such demand could not be an incident of such an agency, nor would such an appointment relieve claimants from any duty incumbent upon them by force of the statute.

Nor is the rule of law by which the principal is bound by a notice to an agent, applicable. That applies only when the notice is of some fact that will legally modify or control some act, which the agent had been authorized to do, as in *Astor* v. *Wells*, cited in the argument; or as in the illustration taken from Story's Agency, "When it arises from, or is at the time connected with, the subject matter of his agency," or is to be given to a corporation which can act only by agents.

In this case there was no act which an agent was performing or had performed to be modified by the notice and demand, for such was the beginning of, or foundation for a subsequent process, intended to induce future, and not to modify or control present action, and not that of a corporation, but of an individual, personally and officially responsible for his own doings. In *Freeman* v. *Freeman, supra,* the demand of dower, though made upon the premises, was held insufficient, because is did not appear affirmatively to have been made upon the proper person. In *Luce* v. *Stubbs, supra,* the demand, though left at the dwelling of the respondent, was held sufficient only when it appeared that it had been actually received by the person for whom it was intended; see also, *Burbank* v. *Day,* 12 Met. 557.

But while there is no authority for making the presentment to, and demand upon, an agent, it is clear, that, as in the matter of dower, the claimant may make the demand by an agent; and in this case, when the written claim was presented to the alleged attorney under a promise on his part to deliver it to the·defendant, so far as this matter is involved, he became the agent of the plaintiff rather than that of the defendant. Hence, in this connec-

tion, the question would arise whether the defendant actually received the written claim not less than thirty days before the commencement of the action, and this may be proved, as in *Luce* v. *Stubbs*, by positive and direct testimony, or inferred from facts and circumstances shown by sufficient evidence. It appears from the report, that the writing was left with one, who, if not at the time the attorney of the defendant, subsequently became such, and who for some reason, does not appear as a witness, either to admit or deny the fulfillment of his promise. Here, then, is testimony bearing upon the fact of a demand, proper for the consideration of the jury, the force and effect of which they alone are the judges.

Independent of these considerations, another question may arise in this case for the jury,—that of estoppel or waiver. If a person having a demand against an estate, and proposing to lay the foundation of an action by a compliance with the provisions of the statute, were made reasonably to understand, either by the acts, or words, or both, of an executor or administrator, that the written claim might be left with a person, or at a place, designated, and acting upon such understanding he should so leave it, well settled principles of law, as well as of justice, would estop a denial of due service. The statute, though of a public nature, has for its object the protection of the rights of estates and individuals. Its provisions may therefore be waived by those for whose benefit it was passed, and who represent the interests involved. Sedgwick's Cons. of Statutory Law, 87 ; *Hingham & Quincy, B. & T. Cor.* v. *County of Norfolk,* 6 Allen, 356. Such waiver will be conclusively inferred unless the question is raised by the proper plea. *Ayer* v. *Spring,* 10 Mass. 83. It may be done before as well as after the commencement of the action, and whether it has been done, or whether the defendant is estopped to deny the proper demand raises a question for the jury which they may settle by any competent and sufficient evidence.

The result is that the pleadings in this case raise two questions of fact for the jury, upon which the report discloses some evidence, competent for their consideration, viz : Whether the

written claim and demand seasonably reached the defendant, and if not, whether there was an estoppel or waiver.

*Action to stand for trial.*

APPLETON, C. J., WALTON, LIBBEY and SYMONDS, JJ., concurred.