[No. 1407.]

J. M. DOUGLASS, Plaintiff and Respondent, *v.* L. D. FOLSOM, Administrator of the Estate of C. C. Stevenson, Deceased, Defendant and Appellant.

(Syllabus by Bigelow, J.)

1—Estate—Claim Against, Proper Presentation Of.—A claim against an estate was not presented to the executrix, nor was it presented at the place designated in the notice to creditors as the executrix's place of business or of residence, but was presented to an attorney who was acting as an attorney for the estate. The court found that the attorney was authorized by the executrix to receive the presentation of claims, and that he had actually presented the claim in question to the executrix. Evidence examined and *held*, that these findings are not sustained.

Appeal from judgment and order overruling motion for

new trial from District Court, Ormsby county; *Richard Rising*, District Judge.

The facts are stated in the opinion.

*J. L. Wines* and *Trenmor Coffin*, for Appellant:

Brief in reply, being an argument almost exclusively on the facts, is omitted except:

No new fact, or point, or authority, was presented at the second trial of this case. Counsel for plaintiff contends that the presentation of plaintiff's claim to the executrix was sufficient in both law and fact, notwithstanding the reversal of the former judgment by this court in *Douglass* v. *Folsom et al.*, 21 Nev. 441, *et seq.*

*F. M. Huffaker*, for Respondent:

Brief, being of similar character, is omitted except:

We have already shown wherein the evidence now before the court supplements the defects of the first trial, as pointed out by this court in *Douglass* v. *Folsom*, 21 Nev. 441. Hence, the remark of counsel that "the second trial and the rendering of the second judgment in the case, from which this appeal is taken, * * * seems to have been upon the principle of 'giving the supreme court another chance,'" is purely gratuitous and an unwarranted reflection upon the trial court, for the reason that on the former trial it was not in evidence that the executrix, on her leaving the state during the time for presenting claims, made arrangements for claims to be forwarded to her, while on the second trial this fact is clearly proven, and arrangements were made with Mr. Coffin who, as attorney for the estate, receiving a fee of $5,000, accepted this claim under said direction of the executrix, which made it a valid presentation under every principle of right and justice and according to the decision and doctrine of *Douglass* v. *Folsom, supra,* so that the trial court very properly held, owing to the new state of facts proven on the second trial, that plaintiff was entitled to a judgment, the omission pointed out by this court having been fully supplied, as found by the trial court.

By the Court, BIGELOW, J.:

Upon the hearing of the former appeal in this action (21

Nev. 441—to which reference is made for a fuller statement of facts) the question was presented whether, the administratrix being absent from the state, the presentment of a claim against the estate to an attorney who had been employed in the course of the administration was a sufficient presentation to support an action; the statute providing (Gen. Stats., sec. 2805) that no action shall be maintained upon a claim unless it shall have been first presented to the executor or administrator, and (section 2798) that, if not so presented, it shall be barred forever. We conclude that it was not; that without regard to whether the executor or administrator was in the state or out of it, the statute recognized but two modes of presenting a claim—one to him personally, and the other at the place designated in the notice to creditors as the representative's place of business or of residence; and that the latter provision relieves the law of all charge of entailing unnecessary hardship upon the creditor by requiring him to present the claim to the representative personally under all circumstances, as the place so designated should be one fixed and permanent, and easily found. It was not, and is not now, contended that such presentation was unneccessary, or that this action could be maintained if the claim were not presented, and the only question is, as before, upon the sufficiency of the presentation.

The learned judge found upon the trial that the attorney, Coffin, was authorized and directed by the administratrix to receive claims, and forward them to her, and also that he did receive the plaintiff's claim, and present it to the administratrix. It is claimed that these findings distinguish the case from the case presented upon the former appeal, and support the judgment for the plaintiff.

The statute having provided how claims may be presented, and the executor being merely an agent in charge of the estate for the purpose of settling up its affairs with only the special powers conferred for that purpose, it may be a question as to how far he can waive a compliance with the statutory provisions governing the presentation of claims; but it is unnecessary to pass upon it here, as we are of the opinion that the findings mentioned are not supported by the evidence.

It is not claimed that it was directly proven that the executrix authorized Coffin to receive claims for her, but the finding concerning this authority is sought to be sustained by evidence that she had upon two or three occasions requested him to go to the residence which she had designated in the notice to creditors as her place of business or of residence, and ascertain whether claims had been left there, and, if so, to bring or send them to her; and that this was the only means adopted by her to obtain possession of such claims. From this evidence it would seem that she recognized that claims might be legally presented at that place, and, of course, if any were, it was quite important that she should obtain them. To this end she sent her attorney there to make inquiries, but this, it seems to us, was a long way from conferring authority upon him to receive the presentation of claims generally. It certainly conferred no more authority upon him than it would upon any other messenger. Suppose she had sent a servant upon the same errand, or had requested a friend to make similar inquiries, it would hardly be argued that they were thereby authorized to receive claims generally, and to bind her by their presentation, without regard to whether they ever reached her. Claims left at that residence were legally presented, regardless of whether they were ever delivered to Coffin, or even whether they ever reached the administratrix. He was simply the vehicle through which such claims, if any there were, were to be conveyed to her, and this no more authorized him to receive other claims generally than it would have authorized the postoffice department to do so had that been the instrument of conveyance chosen. His authority was special, and, the evidence shows, was carefully limited by the executrix. This evidence is not contradicted, and not inherently improbable, and if not true it is the plaintiff's misfortune that he is unable to show that such is the case. Neither does the fact that Coffin had received other claims and forwarded them to the administratrix, in the absence of any proof that she had directed him to do so, establish his authority to act for her in the reception of claims. It is doubtless quite a common practice to hand claims to the attorney who is understood to be advising the representative concerning the administration, and, if delivered by him to the representative, as they

usually are, the presentation is doubtless sufficient, the same as it would be if delivered to the representative by any other person; but, as held in *Rawson* v. *Knight*, 71 Me. 99, 104, a case quite in point, it would be no part of his duty as an attorney to so receive them, and, if he did, he would rather, as to them, become the agent of the creditor than of the representative. The evidence relied upon to support the finding that Coffin actually presented the claim to the administratrix is the same as upon the former appeal, which we then held to be insufficient. Instead of showing presentation, it shows that it never was presented, and never called to her attention, until several months after the time for the presentation of claims had expired. This is the direct and positive testimony of Coffin, who, the administratrix being dead, is the only witness testifying upon this point. His evidence is clear, plausible, uncontradicted, and under all the rules of evidence must be taken as true. At any rate, under the issues, the burden of proving presentation was upon the plaintiff, and there is no testimony whatever to establish that fact. While we regret the effect of this decision, which will probably result in the defeat of an apparently just claim, we have no doubt that the law, as we have declared it, is in accordance with the intention of the legislature as declared in the statutes, and it follows that, without regard to the hardships of the case, we must so declare. It is to the advantage of all interested in estates that the rules concerning the presentation of claims should be definite and fixed, and it is our duty to look, not at the hardships of this case, but to the general rule.

The judgment is reversed and cause remanded.