Strafford, }
Jan. 2, 1929. }

NELLIE HURD *v.* EDELLA E. VARNEY, *Ex'x.*

*Errol S. Hall* and *Burt R. Cooper* (*Mr. Hall* orally), for the plaintiff.

*Conrad E. Snow* (by brief and orally), for the defendant.

BRANCH, J.   Under our statute no action can be maintained against an executor or administrator unless the demand has been exhibited to him within one year after the original grant of administration. P. L., c. 302, ss. 1, 3.   But it is also provided that "a notice sent to the administrator or his agent by registered mail, setting forth the nature and amount of the claim and a demand for payment, shall be deemed a sufficient exhibition and demand." *Ib.*, s. 2.   In accordance with the foregoing provisions, it is a well-established rule "that proof of notice is to be affirmatively established at the trial as a part of the plaintiff's case." *Watson* v. *Carvelle*, 82 N. H. 453, 454.   When the demand has been exhibited to the agent of an administrator or executor, lack of registration is immaterial if receipt of bill is admitted or established. *Watson* v. *Carvelle, supra.*   The statute does not prescribe any method for the appointment of an agent to receive claims against an estate. Therefore, the question of authority for that purpose is simply one of agency in fact.

1. The first position of the defendant is that there was no evidence that her attorney had authority to receive claims against the estate. It may be conceded that proof of the fact that an executrix has employed a lawyer to act as her "attorney . . . in the settling of the . . . estate" would not in and of itself justify a conclusion that he was her agent for the purpose of receiving claims. Specific authority for that purpose is necessary. *Strafford Sav. Bank* v. *Church*, 69 N. H. 582.   But there is no reason why an attorney thus employed should not be clothed with the authority of such an agent.   The employment being conceded, the extent of the agency thereby created is a question of fact.   In the absence of a writing, the conduct of the parties, which has the effect of placing a contemporary construction upon their agreement, furnishes the best evidence of what the agreement was. *Atto* v. *Saunders*, 77 N. H. 527.

In the present case both the defendant and her attorney acted as if he were her agent for the purpose of receiving claims.   When the plaintiff sent her bill to him he acknowledged its receipt and asked for further information, without suggesting any lack of authority on his part.   If he was not in fact authorized to receive claims against the estate the ordinary rules of fair dealing would require that, if he said anything to the plaintiff, he should tell her that she had presented her demand to the wrong person.   Furthermore, he transmitted notice of the claim to the defendant and undertook, on her behalf, an investigation of its merits.   He conferred with the plaintiff's counsel about it, and later on declined to pay it upon the ground that he did

not think it was a just claim. Finally, he appeared for the defendant at the trial, but failed to testify that he was not authorized to act as her agent. The defendant testified that she received notice of the claim from the attorney and that she immediately began to look up accounts of the deceased and to investigate his whereabouts during the time in question. In other words, she treated the claim as though it were properly presented. Her conduct in failing to pay the claim and in going to trial as she did constituted a ratification of the attorney's action in rejecting the claim, and nowhere in the course of her testimony did she deny his authority to receive it. Under these circumstances, a finding that he was in fact her agent for this purpose was proper.

2. The second contention of the defendant is that the statement of the plaintiff's claim as presented did not fulfill the requirements of the statute because the dates given in her letter to the defendant's attorney did not correspond with the dates proved at the trial. It is argued that "the exhibition of an intentionally misdated claim for services is not sufficient exhibition of a claim for an entirely different period."

The above assertion of intentional misstatement finds scant support in the testimony and certainly was not conclusively proved. It might well be found that when her bill was sent to the attorney the plaintiff had no record and was uncertain as to the exact period during which the deceased was a member of her household, and that when asked for dates she did her best to give accurate information. In her testimony she said, "Well, I reckoned back as near as I could. . . . That is as near as I could reckon it. . . . I thought it was right, there . . . I run it over in my mind that I thought he came there at that time." If these statements be accepted as true, the admission, which was cleverly extracted from her on cross-examination, that she "made up" the dates given in her letter only meant that she gave dates which she believed to be reasonably accurate but which subsequently proved to be erroneous. It is therefore unnecessary to decide at this time what the effect of an intentionally false statement in regard to dates would have been.

The second branch of the defendant's argument, to the effect that the claim exhibited was not the one upon which a recovery was had, is equally without merit. The plaintiff's bill as originally presented was a substantial compliance with the statute, since it brought the nature and amount of the claim distinctly to the notice of the administratrix. *Watson* v. *Carvelle*, 82 N. H. 453, 455; *Ayer* v. *Chadwick*, 66 N. H. 385, 386; *Judge of Probate* v. *Runnells*, 66 N. H. 271;

*Little* v. *Little*, 36 N. H. 224; *Tebbetts* v. *Tilton*, 31 N. H. 273, 282. This was sufficient to accomplish the purpose of the act which is to bring claims to the knowledge of the administrator, so that he may judge in what manner the estate should be settled, and also that he may make inquiry into them with a view to furnishing himself with the necessary information for their proper adjustment. *Ayer* v. *Chadwick, supra; Judge of Probate* v. *Lane*, 51 N. H. 342, 349; *Little* v. *Little, supra; Tebbetts* v. *Tilton, supra*. It gave the administratrix that "information as a basis for investigation and action" which the statute contemplates. *Watson* v. *Carvelle, supra*, 456. Defendant's argument, therefore, comes to this: That a meritorious claim seasonably presented must fail because after exhibition a mistaken statement was made as to the time when it accrued. The inconsistency of this contention, with any conception of substantial justice between the parties, raises a presumption that it is unsound, which further consideration confirms.

In his argument, defendant's counsel assumes that plaintiff's bill and letter should be read together and treated as though each formed a part of the claim presented. It is by no means clear that this assumption is correct. The plaintiff's letter is not phrased, and apparently is not designed, as an amendment of her original claim or as a specification supplementing it. It appears to be rather an informal answer to counsel's request for further information, such as might have been given by word of mouth. The information contained in the letter might, therefore, be regarded merely as one of the fruits of investigation which defendant's counsel instituted on her behalf. If this be so, there is no justification for combining the letter with the bill. The statute merely requires the exhibition of the claim. It does not provide that all subsequent utterances of a claimant regarding it shall become a part of the statement of his demand.

It is unnecessary, however, to rest the decision upon this ground, for if the bill and letter be read together as the complete statement of plaintiff's claim, defendant's argument that the demand exhibited to the administratrix was not the one upon which the jury passed comes to nothing. The legislative provision for exhibition of claims "is a statute of limitations, calculated to promote the speedy settlement of estates." *Jaffrey* v. *Smith*, 76 N. H. 168, 173. Under it, the claim presented operates as a limitation on the right subsequently to maintain a suit, and no recovery can be had on any other cause of action than that stated in the claim. See note to *Flynn* v. *Driscoll*, 34 A. L. R. 352, 356. In determining whether the purpose of the

statute has been accomplished, questions of form and technical exactness are of little consequence. The statute is to be applied with reference to the substance and the realities of the situation. A statement as to the date when a transaction took place is usually immaterial in determining its legal effect. This is so in other departments of the law, where the claims of one party are required to be set forth clearly for the information of the other, and where technical exactness of statement might more properly be required. Thus in criminal law, although the constitution provides that "No subject shall be held to answer for any crime, or offense, until the same is fully and plainly, substantially and formally, described to him" (Const. of N. H., Part I, *art.* 15) the date stated in an indictment is usually immaterial, and a respondent may be convicted upon proof of the offense on any other date prior to the time when the indictment was returned. *State* v. *Kennard,* 74 N. H. 76, and cases cited. So also it was held, even under the strict rules of common-law pleading, that the allegation in a declaration of the date when a contract was made was immaterial, and that proof of a different date did not constitute a variance. *Glidden* v. *Unity,* 33 N. H. 571, 580; *Atlantic &c. Insurance Co.* v. *Sanders,* 36 N. H. 252, 262.

Throughout these proceedings the plaintiff has made but one claim. She has sought only to recover compensation for boarding and nursing her brother, the deceased, during a certain number of weeks in which he lived at her house. This was the substance of her demand as originally presented. Subsequently, she stated that this period extended from August 13, 1919 to June 29, 1920. Later she discovered and so informed defendant's counsel, that the time ran from October 12, 1917 to July 12, 1918, and it was for this period that the jury allowed a recovery. If the letter from her attorney containing the revised statement of dates had been received by the defendant's agent before the first year of administration had expired, the idea that a new and distinct claim was thereby presented would have appeared fantastic. The expiration of the year did not make it any ·more reasonable.

Defendant's counsel argues at some length that after the period for presenting claims has expired it is too late for a creditor to make a substantial change in his demand by amendment, although he seems to concede that amendments as to formal and technical matters should be allowed. There appears to be a conflict of authority on this point in other jurisdictions (see 24 C. J., Tit. Ex'rs and Adm'rs, *ss.* 991, 992; 11 R. C. L., Tit. Ex'rs and Adm'rs, *s.* 220) and it is unnecessary for

us to consider it at this time. Under our law no public record of claims presented to an executor is required to be made. In a suit against an estate exhibition of the demand need not be averred in the declaration. *Kittredge* v. *Folsom*, 8 N. H. 98, 114. Therefore, our conclusion that the claim sued on was in substance the one exhibited to the executrix involves no inconsistency with any existing record, and no amendment is necessary because there is nothing to amend.

There is a similar lack of merit in defendant's argument that evidence of a special promise by the testator that the plaintiff should be paid if she survived him asserted a different demand from that previously presented. The effect of this evidence was to show that the statute of limitations had not run against the plaintiff's claim, as the defendant was contending, but it was in no way inconsistent with the original demand. This point was specifically decided by the Iowa court in *Wise* v. *Outtrim*, 139 Ia. 192, and with the conclusion reached in that case we are in full accord.

3. Subject to defendant's exception, a witness for the plaintiff was permitted to testify to a conversation which she had with the deceased while he was living with the plaintiff, in which he said, "I want her to have her pay . . . if anything happens to me . . . I want Nellie to have what I have." And in answer to the question, "Have you come to any price yet; have you asked them how much they were going to charge you?", the testator replied, "No, I haven't, but it doesn't make any difference . . . she is my sister and all I have, and, . . . I want her to have her pay and I shall see that she does get it." It is argued that these statements "were simply hearsay, and should have been excluded." The answer is that they were properly admitted as admissions by the deceased that his sister's services were not gratuitously rendered. "No modern Court doubts that a *decedent*, whose rights are transmitted intact to his successor, is a person whose admissions are receivable against a party claiming the decedent's rights as *heir, executor*, or *administrator*." 2 Wig., Ev., *s.* 1081; *Patten* v. *Patten*, 80 N. H. 590; *Chase* v. *Chase*, 66 N. H. 588, 591; *Packard* v. *Putnam*, 57 N. H. 43, 48.

*Judgment on the verdict.*

Snow, J., did not sit: the others concurred.