GEORGE DEDES *v.* ALICE D. DEDES, *Adm'x.*

216

*William H. Sleeper* (by brief and orally), for the plaintiff.

*Sewall & Varney* (*Mr. Varney* orally), for the defendant.

BURQUE, J.  Plaintiff and decedent were brothers.  Decedent was engaged in the wholesale produce business in Portsmouth, and plaintiff worked for him from 1908 until decedent's death in July, 1940, except for a few years plaintiff spent in Greece.  There is evidence in the case that prior to May 4, 1934, decedent was paying plaintiff $25 a week, and that from May 4, 1934, when a wholesale beer license was granted to decedent, he then paid plaintiff $40 a week, $20 in cash and $20 which decedent withheld and put aside for the plaintiff.

Defendant's first position is that there is no evidence of a contract. This fails to take into account the evidence in the case to the effect that as late as May or June, 1940, decedent told the witness, his nephew, who knew that prior to May, 1934, plaintiff was receiving $25 a week, that since the issuance of the beer license he was paying the plaintiff $40 a week, of which he was withholding $20.  This evidence, if believed, is sufficient to establish the fact that plaintiff was working for the decedent on the basis of an agreement to pay and receive $40 a week.  Evidence that decedent was withholding therefrom $20 a week is sufficient to entitle plaintiff to recover $20 a week from May, 1934 to July, 1940.  There is no such uncertainty or indefiniteness in this agreement as defendant claims, and there being ample evidence that plaintiff did work for decedent during that whole period, and that the latter said he was paying for the services,

a contract can be found, and a verdict based on the same and on an indebtedness of $20 per week for the period mentioned is warranted.

The making of a contract may depend on the overt acts of the parties, Restatement, Contracts, N. H. Annot., s. 20; may be proved "wholly or partly by written or spoken words or by other acts or conduct," Restatement, Contracts, s. 21. "Reasonable certainty is all that is demanded and that is fulfilled if the meaning of the contract, taken as a whole, is intelligible to the Court." *Ib.*, N. H. Annot., s. 32. It follows that there is no reason why the existence of a contract cannot be proven by evidence of oral admission on the part of the party sought to be charged, and when, such as in the instant case, we have admission coupled with overt act, the sufficiency of proof is ample. The facts in the cases cited by the defendant on this proposition of non-existence of a contract are materially different and not comparable to those in the instant case and the cases are not in point.

The record discloses that the plaintiff presented his claim to the administratrix based on (1), contract; (2), acting as superintendent; (3) and (4), allegation of the existence of a partnership. This was followed by a declaration in the writ which includes the four counts exactly in conformity with the demand made upon the administratrix. Demurrer to count (2) was sustained, and the counts for partnership were either nonsuited voluntarily or else abandoned by the plaintiff at the time of the trial. The record is not clear as to just what did happen. The trial proceeded on the first count; to wit, for unpaid wages claimed for services rendered from 1908 to 1940. The defendant takes the position that plaintiff having filed such a claim with the administratrix, he is barred from recovery because of the inconsistency of the counts presented. No authority is cited, nor have we discovered any, that prevents a claimant from presenting to the representative of an estate a statement of claim that would embody it in more than one form even though there may be inconsistencies therein. Uncertainty of the ground upon which the claim may be sustained and for safety's sake may properly dictate such action. *Hurd* v. *Varney*, 83 N. H. 467, 471, cited by the defendant, though supporting her position to some extent, is also authority for and in support of the above. If the defendant wanted to have plaintiff elect beforehand and ascertain on what counts he was going to proceed at the trial and what claim or claims would have to be met, application could have been made to the Court to have the defendant furnished with the necessary information.

That plaintiff's claim is barred by the Statute of Limitations or Statute of Frauds needs scant consideration. The agreement was not for any specific time; the services were not to have been performed during any specified time, but were from week to week, and decedent was to pay therefor $40 a week as long as the plaintiff worked. The services were performed and the unpaid balance of the payments agreed upon for them has been found to be due.

Taking up defendant's exceptions to admissions of evidence: (1) that evidence of issuance of beer license, without record proof of its issuance, was error. It was not the license itself which plaintiff undertook to prove; it was that from May, 1934 on, there was additional business conducted, which consisted of the sale and delivery of beer at wholesale, necessitating additional work on the part of the plaintiff. Needless to say no such business could have been legally conducted without a license. This evidence, as well as (2) evidence of the amount of business done at the store was admissible as having a bearing on the probability of the amount of wages agreed upon and to be paid for the services rendered. (3) Exception to evidence of what decedent told one witness to the effect, "there is no partnership, it is a family affair; I am the older brother and I will take care of the money. Some day the money will go over to George" and "he [the decedent] gave me to understand that that was a kind of rule or agreement that they were doing business" is overruled. First, it does not appear when the conversation took place, except that it was way back prior to 1938 or 1939, and if it could be found that it was after May, 1934, it would have a tendency to support the evidence in the case that decedent was paying plaintiff $40 per week, of which he was withholding $20. Exceptions to admission of evidence noted in defendant's brief, listed under 4 and 5, come within the same category and are likewise overruled.

Exceptions to admission of certain records, books of account, etc. appearing to have been kept by bookkeepers for decedent in the regular course of business are unavailing. Items were identified as in the handwritings of these bookkeepers and the books as those kept at the place of business and found there by the daughter of the decedent, the identifying witness, who worked at times for her father. These records were produced by the defendant on order of the Court as the decedent's records. The proof met all the requirements of the rule of evidence governing the introduction of like records. Some, in fact, were allowed to be introduced without objection. The only exhibit objected to was 7, identified as a record kept by the then bookkeepers showing entries from November 3, 1934 to March 30, 1940,

wherein it appears that money was paid to the plaintiff, George Dedes, weekly, as well as to other employees, including two of the bookkeepers whose handwritings were identified by the decedent's daughter and wherein deductions and withholdings for Social Security also appear.

Exceptions to argument. Reference to plaintiff as "slaving," "faithful servant," etc. were proper. The argument was supported by evidence and had a tendency to sustain the plaintiff's position that he performed his part of the contract. Argument that plaintiff had no bank account was withdrawn and the jury instructed by the Presiding Justice to disregard it. It is to be assumed the jury followed the instructions. *Wright* v. *Woodward*, 79 N. H. 474, 477, 478; *Lemire* v. *Haley, ante,* 206. Argument about "investing of funds" for plaintiff by decedent, though apparently explained when objection was made, is so obscure and meaningless that it amounts to nothing. It is difficult to see what the jury could have understood plaintiff's attorney undertook to convey thereby. The argument, to say the least, was quite harmless. The above exceptions are therefore overruled.

Defendant's exception to the denial of her motion to set the verdict aside as being against the law and the evidence, as being excessive, has not been briefed nor argued and is deemed to be waived.

Plaintiff's exception to the Court's granting a nonsuit for that part of the claim covering the period from December 5, 1908 to May 4, 1934, has not been transferred and is not before us.

*Judgment on the verdict.*

All concurred.