### M. FRED v. A. BRAMEN and Another.[1]

March 30, 1906.

Nos. 14,648—(217).

**Garnishment—Sale of Homestead.**

Prior to March 1, 1906, when the Revised Laws of 1905 went into effect, process of garnishment reached money owing by the garnishee, which was derived from the sale of the homestead of defendants, and which defendants intended at the time of the service of garnishee summons to use in the purchase of another homestead within one year from the time the premises were sold.

Plaintiff, having obtained a judgment against defendants for $110.50 in the municipal court of Minneapolis, instituted garnishment proceedings therein against M. Blumenthal, who disclosed an indebtedness to defendants of $1,850, being the balance due on the purchase price of defendants' homestead. Defendants testified on the disclosure that it was their intention to reinvest this purchase money in a new homestead within one year. From an order, Charles L. Smith, J., discharging the garnishee, plaintiff appealed. Reversed.

[1] Reported in 107 N. W. 159.

*S. R. Child* and *Benj. Drake, Jr.,* for appellant.
*Anthony T. Grotte,* for respondents.

JAGGARD, J.

This appeal raises this single question : Does the process of garnishment reach money owing by the garnishee which was derived from the sale of the homestead of the defendants, and which the defendants intended at the time of the service of the garnishee summons to use in the purchase of another homestead within one year from the time the premises were sold?

The decision of that question depends entirely upon the relevant statutes. Section 5521, G. S. 1894, provides:

> A homestead * * * shall not be subject to attachment, levy or sale upon execution, or any other process issuing out of any court within this state.

Section 5528 authorizes the owner of a homestead to sell and convey it without subjecting it to the claims of creditors. The vendee of such person acquires title free and clear from such claims of creditors. Section 5529 permits the owner of a homestead to remove therefrom for a period of six consecutive months without losing his homestead exemptions. He may prolong that period by filing an appropriate notice.

None of these sections provide in terms or contemplate the exemption of the proceeds of a sale of a homestead. To sustain the exemption claim in this case this court would not only have to read into the statute that moneys owing from the sale of a homestead were exempt, but that they remained exempt for the period of one year from the time of sale whenever the original owners of such homestead intend to use the money in the purchase of a homestead within that year. We are of opinion that it would be judicial legislation to do in this respect what the legislature had failed to do. It is well settled that "the general rule is that all the property of a debtor is applicable to the payment of his debts. The effect of the exemption laws is to create exceptions to this general rule, so that a debtor claiming an exemption on any portion of his property must bring himself strictly within the terms of the law allowing exemptions; otherwise, the general rule must take its course.

\* \* \* The homestead law should be fairly, perhaps liberally, interpreted, but must not be strained." Berry, J., in Ward v. Huhn, 16 Minn. 142 (159).

The general rule is in accordance with this conclusion. "As a general rule, we think that it must be held, in the absence of any statutory provision to the contrary, that the voluntary sale of a homestead by a husband and wife is a complete extinguishment of the homestead right, and that the proceeds of the sale, until invested in other exempt property, are subject to execution." Freeman, Executions, § 235; Thompson, Homesteads, § 745; Mann v. Kelsey, 71 Tex. 609, 12 S. W. 43, 10 Am. St. Rep. 800; and see Casebolt v. Donaldson, 67 Mo. 308; Giddens v. Williamson, 65 Ala. 439. It is true that in Watkins v. Blatschinski, 40 Wis. 347, the Wisconsin court held otherwise.

The conclusion thus reached can affect the past only, for section 3458, R. L. 1905, expressly provides that

> The owner may sell and convey the homestead without subjecting it or the proceeds of such sale for the period of one year after sale, to any judgment or debt from which it was exempt in his hands.

Order reversed.

LEWIS, J. (dissenting.)

I am very clear that under section 5528, G. S. 1894, the proceeds from the sale of a homestead are exempt from execution. This section expressly provides that the owner of a homestead may sell and convey the same and the reasonable and fair construction is that the owner may have the benefit of the sale. I agree with the Wisconsin decision which was based upon a similar statute. As to the other cases cited they are not applicable. But in the absence of statute the rule adopted by the majority is correct. I therefore dissent.