CASE 21.—ACTION BY NANNIE M. DIXON AGAINST THE J. S. MERRELL DRUG COMPANY TO RESTRAIN AN EXECUTION.—January 7.

## Merrell Drug Co. v. Dixon

Appeal from Henderson Circuit Court.

J. W. HENSON, Circuit Judge.

Judgment for plaintiff. Defendant appeals—Reversed.

Exemptions—Life Insurance—Property Purchased With Exempt Money—Though the money received from a co-operative life insurance company is exempt from levy of execution against the beneficiary under the charter and by-laws of such com-

Merrell Drug Co. v. Dixon.

pany, and also Ky. Stats. 1903, section 671, such exemption does not extend to real estate purchased with such money.

E. L. McDONALD and THOS. E. WARD for appellant.

### SUBJECTS DISCUSSED.

1. Can an injunction be granted by any court, other than the one rendering the judgment enjoined? (Civil Code, sec. 285; Neeters v. Clements, 12 Bush 359; C. O. & S. W. R. R. Co. v. Reasor, &c., 84 Ky. 369; McConnell v. Rowe, 8 Ky. Law Rep. 369; Stahl v. Brown, &c., 84 Ky. 325; Mallory v. Dauber's Exor., 83 Ky. 239.)

2. Is property, bought with money which was exempt from any legal process for the payment of a debt, before it came to the hands of the beneficiary, exempt from execution for a debt of the beneficiary, created before the conditions arose, under which the money became payable to the beneficiary? (Schillinger v. Boes, 85 Ky. 357; Revised Statutes United States, sec. 4747; Coakley v. Underwood, 13 Ky. Law Rep. 679; Robion v. Walker, &c., 82 Ky. 60; Johnson v. Elkins, 90 Ky. 163; Dickerson v. Johnson, 110 Ky. 236.)

JOHN FRANCES LOCKETT for appellee.

All exemption statutes are enacted with the ulterior purpose to prevent people from becoming charges upon the State. That this is a wise public policy in the experience of the ages is attested by the continuance of such statutes. They prevent pauperization, dispel ignorance, and establish and maintain homes. The court is asked not to restrict this humane purpose. In refraining from doing so, it would not be enacting "court made law," but merely adjudging that the property levied upon is within the scope of the contract and the intendment of the legislature enactment, and therefore exempt from execution. This at most is merely "advancing the remedy the Legislature intended to afford."

### AUTHORITIES CITED.

Ky. Stats., secs. 671, 654; Boyd v. Board of Council Frankfort, 25 Ky. Law Rep. 1312; Schillinger v. Boes, &c., 85 Ky. 357; O'Neal v. O'Neal, 109 Ky. 113.

OPINION OF THE COURT BY WM. ROGERS CLAY, Commissioner—Reversing.

The appellant, J. S. Merrell Drug Company, having an unsatisfied claim against the appellee, Nannie M. Dixon, for $193.87, with interest at 6 per cent. from November 4, 1904, instituted suit thereon in 1907 in the Henderson quarterly court, and recovered judgment against the appellee. Execution was issued upon this judgment, and returned "no property found." Appellant then filed a transcript of the proceedings in the Henderson circuit court, sued out an execution, and caused it to be levied on certain real estate belonging to appellee in the city of Henderson. This levy was made on August 14, 1907, and on September 16, 1907, appellee instituted this action in the Henderson circuit court against appellant and Ed. Melton, sheriff of Henderson county, for the purpose of enjoining the collection of the execution by a sale of the property involved in this action. The petition charges that the property so levied on was purchased by her with the proceeds of a benefit certificate issued to her late husband, Dr. Wiley Dixon, in the Ancient Order of United Workmen, an assessment or co-operative life insurance association; that appellee was named as the beneficiary of the fund provided for therein, to wit, the sum of $2,000; that she collected said sum from said order, and invested it in said property as a home for herself and her children; that by the charter of said association the fund paid to her was exempt from execution, and was not liable to be seized or appropriated by any legal or equitable process for debt. With the petition was filed a copy of the charter and by-laws

of the Grand Lodge of the Ancient Order of United Workmen. The petition also charges that said fund is exempt by the laws of the Commonwealth from execution. Appellant's demurrer to the petition was overruled. Having declined to plead further, judgment was entered in favor of appellee. From that judgment this appeal is prosecuted.

Appellant asks a reversal on two grounds: (1) The judgment in question was the judgment of the Henderson quarterly court, and could not there be enjoined by the Henderson circuit court. (2) Though the fund itself may be exempt, property purchased with the fund is not exempt.

In view of the fact that we have determined to reverse this case upon other grounds, we deem it unnecessary to pass upon the question whether or not an action to enjoin the sale of specific property under an execution issued upon a judgment of the quarterly court can be maintained in the circuit court upon the ground that the property is exempt from execution. We will proceed, therefore, to a consideration of the second question: Is the property involved exempt from execution for appellee's debt? It is the contention of counsel for appellee that under the charter provisions of the Ancient Order of United Workmen, not only the fund derived by the family of a member from the benefit certificate is exempt from execution for the debt of the family of a member, but any property thereafter purchased with such fund is also exempt; that the question of exemption of the fund for the debt a member's family was determined by this court in the case of Schillinger v. Boes, etc., 85 Ky. 357, 3 S. W. 427, 9 Ky. Law Rep. 18, wherein was involved a construction of the same charter provisions as those under discussion. It will be observed,

however, that in that case it was attempted to attach the fund. All through the opinion the word "fund" is used, and the court holds that the fund itself was exempt from execution or attachment for the debt of a member's family. That case did not go to the extent of holding that, after the fund was invested in real estate, the real estate itself was exempt. Nor is there anything in section 671, Ky. St. 1903, that would authorize the conclusion that the exemption extended further than to the money or other benefit, charity, relief, or aid to be paid. It has frequently been held by this court that while money due a pensioner, whether in the pension office or in course of transmission, cannot be seized by any process, legal or equitable, yet nevertheless that land purchased with pension money is no longer exempt, and is subject to the pensioner's judgment creditors. Coakley v. Underwood, 18 S. W. 7, 13 Ky. Law Rep. 654; Robin v. Walker, etc., 82 Ky. 60, 56 Am. Rep. 878, 5 Ky. Law Rep. 799. It has also been held that, while the salary of a public officer was exempt from attachment for his debts, real estate purchased by such officer with his salary is not exempt.

Our conclusion, then, is that the exemption contained in the charter of the Ancient Order of United Workmen and in the statute does not apply to the fund after its form is changed and it is invested in other property. When it is so invested, the property purchased becomes a part of the great mass of property in the Commonwealth, and is controlled by the general laws relating thereto. That being the case, appellee's property is not exempt from execution for her debts, except to the extent of her homestead therein.

Judgment reversed and cause remanded, with di-

rections to sustain defendant's demurrer to the petition.

Petition for rehearing by appellee overruled.