ARVETTA BOOTH, Plaintiff and Appellee v. GEO. W. MARTIN, Sheriff and J. H. CRILLY, Defendants and Appellants.

**Exemptions:** AVAILS OF LIFE INSURANCE. Under the statute the avails of life or accident insurance payable to the surviving widow are exempt from liability for debts contracted prior to the death of the husband. So that where the wife, after the death of her husband, signed a note given by him in his lifetime for family necessities, for which she was also liable, the signing of the note merely changed the evidence of her original indebtedness and created no new obligation, although the note provided for interest and attorney's fees; and property purchased with the insurance money was exempt from execution therefor.

*Appeal from Monona District Court.*—HON. DAVID MOULD, Judge.

SATURDAY, FEBRUARY 15, 1913.

SUIT in equity to enjoin the defendant from levying an execution upon certain real estate of the plaintiff, on the ground that such property is exempt from the execution. There was a decree for the plaintiff and a permanent injunction, and the defendants appeal.—*Affirmed.*

*T. B. Lutz,* for appellants.

*J. A. Prichard,* for appellee.

EVANS, J.—The defendant Martin is sheriff of his county, and the defendant Crilly is a judgment plaintiff holding a judgment against the plaintiff herein. He caused an execution to be issued thereon and to be placed in the hands of the defendant sheriff, and caused a levy thereof to be made upon the certain property of the plaintiff.

Plaintiff's claim of exemption is founded upon the fact that the property in question was purchased with the avails of a policy of life insurance upon the life of her deceased husband; and that she is using such property, as her home. Section 1805 of the Code contains the following provisions: "The avails of all policies of life or accident insurance payable to the surviving widow shall be exempt from liability for all debts of such beneficiary contracted prior to the death of the assured, but the amount thus exempted shall not exceed $5,000.00." We have heretofore held that this exemption may apply to property purchased with the avails of the insurance. *Cook v. Allee,* 119 Iowa, 226.

The contention of the defendant is that the indebtedness upon which his judgment was entered was contracted *after* the death of the insured, and not *prior;* and that therefore no exemption is provided against it by this statute. The facts bearing upon this point are undisputed. The plaintiff's husband died in February, 1909. At the time of his death he was owing the defendant Crilly a note for $200. This note was executed September 1, 1907, and was given for a past account for merchandise necessaries furnished to the plaintiff and her husband. After the death of her husband, and on, April 1, 1909, the plaintiff herein signed such note, and judgment thereon was entered against her at a later time. It is the contention of the defendant that the signing of the note by the widow created a new contract on her part; and that therefore it was indebtedness incurred after the death of her husband. The indebtedness for which the note was originally given was clearly indebtedness incurred prior to September 1, 1907. The wife did not sign the note during the life of her husband. But under our statute and repeated decisions she was liable, nevertheless, for the debt. Her liability for this indebtedness did not cease with the death of her husband. It did not cease when she added her name to that of her husband on the note, April 1, 1909. Only the form, or evidence, of her in-

debtedness was changed. But the indebtedness itself was "contracted prior" to the death of her husband.

It is argued that the note provided for 8 per cent. interest and attorney's fees; and that there was, therefore, a new contract to this extent. We find no attorney's fees provided for in the note, unless the following should be construed as such, "with 5% *per month for damages* if collected by an attorney." Be that as it may, interest and attorney's fees are a mere incident of the principal indebtedness. In this case the note itself bore date prior to the death of the husband. We think it comes clearly within the provision of the statute, and the order of the trial court must therefore be *Affirmed.*