## MARTIN v. WAYNE CIRCUIT JUDGE.

EXEMPTIONS — WORKMEN'S COMPENSATION ACT — INVESTMENT OF
COMPENSATION MONEY NOT EXEMPT FROM LEVY UNDER EXECUTION.
Although, under the workmen's compensation act, pay-
ments to an injured employee are exempt from levy under
execution, yet where the employee receives a lump sum in
settlement of his compensation claim, and invests it, the
investment is not exempt.[1]

Mandamus by Harry Martin and another to compel
Fred S. Lamb, presiding circuit judge of Wayne
county, to vacate an order dismissing a petition to
declare certain property exempt from execution.
Submitted July 8, 1924.   (Calendar No. 31,529.)
Writ denied October 6, 1924.

*Thomas L. Dalton* and *Frederick P. Hempel,* for
plaintiffs.

*George B. Murphy,* for defendant.

WIEST, J.   Plaintiff Harry Martin, a judgment
debtor, employed by the board of education of the city
of Detroit as a painter, met with an accident wholly
incapacitating him from future labor.   Under the
workmen's compensation law he was first awarded a
weekly compensation and later, being desirous of en-
gaging in some business, his compensation was fixed
at the lump sum of $4,963.95 and, with the approval
of his former employer, and the department of labor
and industry, he invested $3,000 of this in purchasing
the furniture and business of a rooming house.   The
judgment creditor took out an execution and levied
upon such furniture.   The judgment debtor applied
to the court to set aside the levy for the reason that,

[1]Exemptions, 25 C. J. § 137 (1926 Anno).

under the workmen's compensation law (2 Comp. Laws 1915, § 5451), the furniture purchased with money so awarded him was exempt from levy under execution. The judgment creditor moved to dismiss such petition; the circuit judge held the furniture not exempt from levy under execution and granted the motion to dismiss the petition.    The judgment debtor asks for the writ of mandamus directing the circuit judge to rescind such order.

The statute relied on by plaintiffs provides:

"No payment under this act shall be assignable or subject to attachment or garnishment, or be held liable in any way for any debts."    *    *    *

Does this statute carry such exemption beyond the receipt of money by the employee and to an investment thereof?    We think not.    The act prevents the employee from assigning the payable compensation and, to insure its receipt by the injured employee, renders its payment to him immune from stoppage by attachment or garnishment or its subjection, prior to payment, in any way to his debts.    Plaintiffs would have us apply such protective provisions, pending payment, to enjoyment of the funds for all time after payment.    Except as the statute grants immunity from rights of creditors the common law and statutory remedies prevail.

An examination of the compensation acts of the several States discloses a general legislative policy intended to insure the receipt of the full award by the employee, but none appear to go to the extent asked for by plaintiffs.    If plaintiffs' investment is held exempt, by reason of the statute mentioned, then the exemption must continue, no matter how often they change the nature of an investment, so long as the identity of their pecuniary means so employed can be traced back to the award.    We think the question falls within the decision of this court in *Recor* v.

*Savings Bank,* 142 Mich. 479 (5 L. R. A. [N. S.] 472, 7 Ann. Cas. 754), where it was said of a provision of the insurance law:

"The statute exempts money 'to be paid.' Before payment the fund cannot be reached by the creditors of the deceased or his beneficiary. It is preserved intact until after payment, when it becomes the sole property of the beneficiary, to be owned and held as any other property, not exempt from legal process unless made so by the general laws of the State."

We have statutes exempting from garnishment, to some extent, wages due a laborer who is a householder, having a family, but no one ever entertained the thought that, when such exempt wages have been received by the laborer and invested by him, the exemption follows for all time and to every transmutation or use thereof. We hold the exemption mentioned protects the fund until its receipt by the employee, but does not extend to property purchased therewith. Plaintiffs, of course, have their right of exemption to the extent allowed by the general statute relating to executions. The learned circuit judge was right in dismissing plaintiffs' petition to vacate the levy.

The writ is denied, with costs to George B. Murphy, the judgment creditor, against plaintiffs herein.

CLARK, C. J., and McDONALD, BIRD, SHARPE, MOORE, STEERE, and FELLOWS, JJ., concurred.