W. E. C. ROSS v. HANNAH G. SIMSER.
FIRST & FARMERS NATIONAL BANK OF BLUE EARTH AND ANOTHER, GARNISHEES.[1]

February 1, 1935.

Nos. 30,240, 30,241.

[1]Reported in 258 N. W. 582.

408

*Leo J. Seifert,* for appellant.
*Frundt & Morse,* for plaintiff-respondent.

STONE, JUSTICE.

Action on a promissory note wherein a verdict was directed for plaintiff. Defendant appeals from the order denying her alternative motion for judgment notwithstanding the verdict or a new trial.

First & Farmers National Bank of Blue Earth and First National Bank of St. Paul were garnished. The latter disclosed that it had in its possession two bonds belonging to defendant. Defendant's motion for discharge of the garnishees was denied and judgment entered against them for delivery of the bonds as property of plaintiff so that they might be applied by execution sale upon plaintiff's claim. From that judgment defendant also appeals.

Defendant's first appeal raises the question whether the verdict was properly directed against her. Her one defense was that a certain payment of interest on the note, whereon she was comaker with her husband, did not suspend the running of the statute of limitations. The note bore date of January 3, 1925, and matured January 3, 1926. The payment in question was of an interest instalment of $169.14, made January 2, 1931, before the limitation

of the statute had run. In the meantime defendant's husband and comaker had died. The note, secured by a mortgage on his farm, had not been filed as a claim against his estate, of which plaintiff at the time of the payment was the administratrix. The farm was then being operated by defendant and her sons or the latter alone. The payment was made from the income of the 320-acre farm, in 80 acres of which defendant had her homestead right, together with ownership of an undivided one-third of the other land. Her own testimony is that the interest payment was made by herself and one of her sons who, she testified, "was with me when I went in to pay it." She testified also that she "paid it as administratrix." We need not consider the argument, that, the claim not having been allowed, or even filed against her husband's estate, she, as administratrix, had no right to pay the interest without the approval of the probate court. It is enough that she personally made or participated in making the payment. That as matter of law suspended as to her the running of the statute of limitations under the rule of Erickson v. Husemoller, 191 Minn. 177, 253 N. W. 361. The examination and review of the authorities there made need not be repeated or amplified here.

■ The bonds impounded by the garnishment, two in number, each for $1,000, had been purchased by defendant with the proceeds of an insurance policy on her husband's life wherein she was the beneficiary. By statute, 2 Mason Minn. St. 1927, § 9447(14), money received by or payable to a surviving wife or child from insurance upon the life of a deceased husband or father, not exceeding $10,000, is exempt from attachment or sale under a judgment. The claim for defendant is that the bonds, having been purchased with her insurance money, are also exempt; that is, that the exemption extends beyond the insurance money to anything purchased therewith. That claim we cannot allow simply because we must take the statute as we find it and are not at liberty to add to it by a process which if indulged in would be an amendment and, in effect, judicial legislation.

In Iowa, where the statute exempts "the avails" of such insurance, the rule is that property purchased with the proceeds of in-

410

surance enjoys the same exemption. Cook v. Allee, 119 Iowa, 226, 93 N. W. 93; Booth v. Martin, 158 Iowa, 434, 139 N. W. 888. Putting aside the effect of statutory differences, the rule is pretty well settled the other way. 25 C. J. 82; 11 R. C. L. 530. In Merrell Drug Co. v. Dixon, 131 Ky. 212, 115 S. W. 179, 24 L.R.A. (N.S.) 1018, it was held that the exemption of proceeds of insurance did not extend to property purchased therewith. To the same effect is Pefly v. Reynolds, 115 Kan. 105, 222 P. 121. In similar fashion, there was refusal to extend an exemption of the proceeds of a workman's compensation award to furniture purchased therewith in Martin v. Wayne Circuit Judge, 228 Mich. 396, 200 N. W. 160. Under our homestead law, which is to be interpreted liberally but not "strained" we held that, before the amendment of what is now 2 Mason Minn. St. 1927, § 8342, by R. L. 1905, § 3458, the proceeds of a homestead were not exempt. Fred v. Bramen, 97 Minn. 484, 107 N. W. 159, 114 A. S. R. 740. In Stephenson v. Lohn, 115 Minn. 166, 171, 131 N. W. 1018, 1019, the rule was applied (to the proceeds of an Indian allotment), "that, in the absence of a statute to the contrary, where property exempt from execution is voluntarily sold for money, or other property not exempt, the proceeds of the sale are not exempt."

It is held that, if proceeds of insurance are deposited in a bank to the credit of the beneficiary, the exemption attaches to the deposit. The reason is that the beneficiary-depositor retains control of the money with the same right and opportunity to use it as such as though the deposit had not been made. Payment of insurance is usually by the check or draft of the insurer, which is but the evidence of so much credit. The exemption, of course, attaches to that credit, which does not change its character and, obviously, should not lose its exemption simply because, by its transfer to a bank, the latter, rather than the insurer, becomes the debtor. See Merrell Drug Co. v. Dixon, 131 Ky. 212, 115 S. W. 179, 24 L.R.A. (N.S.) 1018; Holmes v. Marshall, 145 Cal. 777, 79 P. 534, 69 L. R. A. 67, 104 A. S. R. 86, 2 Ann. Cas. 88; and annotation in 67 A. L. R. 1203. But that is neither this case nor parallel to it. Here the insurance money, instead of being deposited to

the credit of the beneficiary, was used by her in the purchase of property. Were we to hold otherwise than we do no limit could be set. Whatever was purchased, whatever the form of investment and subsequent change therein, and no matter to what use the property was put or what the enhancement in its value, the exemption would still attach.

Both the order and judgment under review are affirmed.

