**BALL et al. v. SMIDDY.**

Court of Appeals of Kentucky.

June 13, 1952.

J. C. Baker, Harlan, for appellants.

D. B. Smith, Ray O. Shehan, Harlan, for appellee.

WADDILL, Commissioner.

This appeal is from a judgment which permanently enjoined the appellants from selling property of appellee under an execution sale.

The appellant, Smith M. Ball, obtained a judgment against appellee, Mayma Smiddy, for $1,058.25 upon a promissory note. He caused an execution to issue on that judgment and placed it in the hands of the appellant, C. C. Ball, sheriff of Harlan County. The sheriff levied upon and advertised for sale the one-third undivided interest of appellee in certain real estate owned by appellee and her two infant children.

Appellee brought this action to enjoin appellants from selling her property upon the grounds that it was purchased with money received in "lump-sum settlement" of compensation payments awarded as the result of the death of her husband and as such, she contends, was exempt from claims of creditors under the provisions of KRS 342.180; and that the property is used by her as a homestead and as such is exempt from sale under execution by the provisions of KRS 427.060. The circuit court held that the property was exempt from levy and sale and therefore granted appellee an injunction.

The only question before us on this appeal is whether the property involved here is exempt from execution and sale under KRS 342.180 or KRS 427.060.

KRS 342.180 provides:

"No claim for compensation under this chapter (Chapter 342, Workmen's Compensation Act) shall be assignable; and all compensation and claims therefor shall be exempt from all claims of creditors." (Parenthesis ours.)

Appellee contends that the exemption in the above statute applies to property

purchased with the money awarded as compensation. It does not appear that this specific point has previously been before this court. However, this Court has considered an analogous question in Coakley v. Underwood, 18 S.W. 7, 13 Ky.Law Rep. 654 and in Robion v. Walker, 82 Ky. 60, 5 Ky.Law Rep. 799, 56 Am.Rep. 878, both of which involved property purchased with exempt pension money and in each case the court held that the property was subject to an execution levy. In J. S. Merrell Drug Co. v. Dixon, 131 Ky. 212, 115 S.W. 179, 180, 24 L.R.A.,N.S., 1018, the court had before it the question involving property purchased with exempt insurance money. Therein it was written:

> "Our conclusion, then, is that the exemption contained * * * in the statute (Kentucky Statute 671) does not apply to the fund after its form is changed and it is invested in other property. When it is so invested, the property purchased becomes a part of the great mass of property in the commonwealth, and is controlled by the general laws relating thereto. That being the case, appellee's property is not exempt from execution for her debts, except to the extent of her homestead therein." (Parenthesis ours.)

We are of the opinion that the same construction should be given KRS 342.180 as was given Kentucky Statutes, § 671 (substantially re-enacted as KRS 427.110) in the Dixon case. Therefore, we find that the property purchased by the appellee is not exempt from execution.

Under KRS 427.060 homestead property is exempted to the extent of $1,000 of the value of the property. There is evidence in this case that the value of appellee's property exceeded $1,000. The circuit court should not have allowed a total exemption of the property on the basis of its being a homestead, but should have allowed the sheriff to follow the procedure set forth in KRS 427.080 relating to valuation and allotment of homestead exemption.

Appellee also contends that execution may not be had upon this property because a trust fund was created by the lump-sum settlement within the provisions of KRS 342.155. This contention is without merit for even if a trust was created by obtaining a lump-sum settlement, its only purpose was to purchase a home for appellee and her children. This being accomplished, the trust would terminate. Suggett's Trustees v. Pirtle, 199 Ky. 713, 716, 251 S.W. 959.

The judgment is reversed with directions to vacate the injunction.