**In the Matter of Christopher P. BURCHARD, Debtor.**

**Bankruptcy No. 97–40737.**

United States Bankruptcy Court, D. Nebraska.

Oct. 15, 1997.

David P. Kyker, Attorney at Law, Lincoln, NE, for Debtor.

Joseph H. Badami, Woods & Aitken Law Firm, Lincoln, NE, Chapter 7 Standing Trustee.

### *MEMORANDUM*

JOHN C. MINAHAN, Jr., Bankruptcy Judge.

This case presents the question of whether a motorcycle and a truck purchased with the exempt proceeds of a personal injury claim are exempt property. I conclude that the Nebraska exemption for the proceeds of a personal injury claim does not extend to property acquired with the exempt proceeds. The trustee's notice of intent to sell property and the trustee's objection to claimed exemptions are sustained.

## Facts

The debtor purchased a 1985 Harley Davidson Sportster Motorcycle and a 1987 Ford Ranger Pickup with the proceeds of a personal injury claim. The debtor asserts that this property is exempt under section 25–1563.02 of the Nebraska Revised Statutes, which provides an exemption for all proceeds and benefits which are paid as compensation for personal injuries or death. The debtor contends that the exemption extends to this property because it was purchased with the proceeds of the personal injury claim.

The Chapter 7 Trustee asserts that once the debtor converts the cash proceeds from the personal injury claim into tangible personal property, the property is no longer entitled to the exemption under section 25–1563.02.

## Law

Section 25–1563.02 of the Nebraska Revised Statutes provides:

(1) Except as provided in subsection (2) of this section, all proceeds and benefits, including interest earned thereon, which are paid either in a lump sum or are accruing under any structured settlement providing periodic payments, which lump-sum settlement or periodic payments are made as compensation for personal injuries or death, shall be exempt from attachment, garnishment, or other legal or equitable process and from all claims of creditors of the beneficiary or the beneficiary's surviving dependents unless a written assignment to the contrary has been obtained by the claimant.

(2) All proceeds and benefits, including interest earned thereon, which are paid for personal injuries may be garnished by a county attorney or authorized attorney pursuant to section 43–512.03 or garnished for child support as defined in section 43–1705 by an obligee as defined in section 43–1713.

Neb.Rev.Stat. § 25–1563.02.

The issue before the court is whether the motorcycle and pickup truck purchased by the debtor with proceeds from a personal injury claim are exempt from creditors under Nebraska law. There appear to be no reported Nebraska cases on this question. Courts from other states have dealt with this issue in relation to property purchased with worker's compensation proceeds, or life insurance proceeds and have reached varying results.

In some states the exemption statutes specifically provide that the exemption for life insurance proceeds extends to property acquired with exempt life insurance policy proceeds. In these states, courts have no difficulty in finding that the exemption extends to property purchased with exempt insurance proceeds. See *In re Jackson*, 95 B.R. 590 (Bankr.C.D.Ill.1989), *In re Eisan*, 181 B.R. 848 (Bankr.D.S.C.1995).

Where the state exemption statutes are silent on whether an exemption extends to property purchased with exempt funds, courts' decisions are disparate. The more recent cases hold that the exemption extends at least to the first generation of assets acquired with the proceeds. See *In re Williams*, 171 B.R. 451 (D.N.H.1994) (exemption for worker's compensation proceeds extends to car purchased with the proceeds); *In re Nelson*, 179 B.R. 811 (Bankr.W.D.Va. 1994) (exemption for worker's compensation proceeds extends to lot and mobile home purchased with the proceeds), contra, *Martin v. Lamb*, 228 Mich. 396, 200 N.W. 160 (1924) (exemption for worker's compensation proceeds does not extend to the funds upon receipt nor to property purchased with the proceeds); *Recor v. Commercial & Savings Bank*, 142 Mich. 479, 106 N.W. 82 (1905) (exemption for insurance proceeds does not extend to the money once it becomes the sole property of the beneficiary).

The interpretation of Nebraska Revised Statute § 25–1563.02 is a question of state law which this court must decide in the manner which it concludes the issue would be resolved by the Nebraska Supreme Court.

I disagree with the debtor's general assertion that the exemption for the proceeds of a personal injury lawsuit would be worthless if the court ruled that the exemption did not extend to property acquired with the exempt funds. The proceeds of the personal injury award may be placed in a bank account, a certificate of deposit, or another passive investment, in which case the funds could be

preserved for the debtor's future use. It is not difficult for courts to conclude that as long as the funds are held in cash or cash equivalents, the proceeds retain their exempt status. In an unreported decision of the United States District Court for the District of Nebraska, Judge C. Arlen Beam concluded that the exemption for annuity contracts under § 44–371 of the Nebraska Revised Statutes, extends to savings certificates purchased with the proceeds of an exempt annuity. *See In re Brock*, CV85–0–382 (D. Neb. June 11, 1986) (unreported opinion). Thus, section 25–1563.02 provides a meaningful exemption to Nebraskans even if property purchased with the exempt funds is not exempt property.

On the facts of this case, the exempt proceeds of the personal injury award were used by the debtor to acquire a motorcycle and a pickup truck. I have considered a number of factors in reaching my decision. First, the Nebraska exemption statute for personal injury settlements, section 25–1563.02, is silent on its face as to whether it applies to property purchased with the exempt insurance proceeds. The natural inference from silence is that the exemption expires when the exempt funds are used to purchase non-exempt assets. Absent exemption laws, all property is subject to the claims of creditors.

Second, the Nebraska statutes providing for a $12,500 homestead exemption for a head of household explicitly deal with the question of whether the proceeds of a sale of a homestead are exempt. The statute provides that homestead proceeds are exempt for six months. *See* Neb.Rev.Stat. § 40–116. The Nebraska legislature is aware of the question of whether an exemption extends to the proceeds of exempt property. The legislature's treatment of the proceeds of the sale of a homestead, suggests that the legislature has elected not to extend the exemption for the compensation paid for personal injuries under § 25–1563.02 to personal property acquired with the exempt funds.

Third, § 25–1556 of the Nebraska statutes was recently amended to exempt up to $2,400 in one motor vehicle. *See* Neb.Rev.Stat. § 25–1556. This is the first time that the Nebraska legislature has explicitly allowed an exemption for a motor vehicle. Given the fact that the Nebraska legislature has only very recently allowed an exemption for a motor vehicle, I conclude that, on the facts of this case, the Nebraska Supreme Court would not construe § 25–1563.02 to permit the exemption of a motorcycle and a truck.

Fourth, the Nebraska legislature has elected to provide the citizens of Nebraska with very little exempt property as compared to other states. *See* Oliver B. Pollak and David G. Hicks, *"Please, Sir, I Want Some More"—Loopholes, Austerity and the Cost of Living—Nebraska Exemption Policy Revisited,* 73 Neb. L.Rev. 298, 301 (1994). The recent legislation providing a modest exemption for a motor vehicle typifies the great hesitance the Nebraska legislature has had in liberalizing exemption laws. Similarly, the Nebraska homestead exemption was just increased from the sum of $10,000 to $12,500. I believe the Nebraska Supreme Court would find these considerations persuasive and that it would not interpret section 25–1563.02 to broadly extend exempt status to property purchased with the exempt proceeds of a personal injury award.

IT IS THEREFORE ORDERED, that the 1985 Harley Davidson Sportster Motorcycle and the 1987 Ford Ranger Pickup owned by the debtor are not exempt under section 25–1563.02 of the Nebraska Revised Statutes.