**Herman WILLIAMS, Individually, and as Administrator of the Estate of John Eric Williams; Charles Prebble, Co-administrator of the Estate of John Eric Williams; Lenora W. Faulkner; and Virginia W. Mathes, Appellants.**

v.

**FARMERS STOCKYARD, INC. and Kentucky Bank, Appellees.**

No. 2008–CA–000785–DG.

Court of Appeals of Kentucky.

Aug. 7, 2009.

Douglas Miller (argued), Cynthiana, KY, for appellants.

Christopher A. Dawson (argued), Flatwoods, KY, for appellee, Farmers Stockyard, Inc.

Shannon Upton Johnson and Sannie Overly (argued), Paris, KY, for appellee, Kentucky Bank.

Before CAPERTON and STUMBO, Judges; BUCKINGHAM,[1] Senior Judge.

*OPINION*

CAPERTON, JUDGE.

The administrators and beneficiaries of the estate of John Eric Williams sought discretionary review of the decision of the Bourbon Circuit Court which, in reversing the Bourbon District Court, found that certain workers' compensation benefits were not exempt from the claims of the

---

**1.** Senior Judge David C. Buckingham, sitting as Special Judge by Assignment of the Chief Justice pursuant to Section 110(5)(b) of the

Kentucky Constitution and Kentucky Revised Statutes (KRS) 21.580.

estate's creditors. Farmers Stockyard, Inc. and Kentucky Bank, the creditors of Mr. Williams' estate and Appellees in this matter, argue that workers' compensation benefits should not be exempt from the claims of creditors when the employee dies without dependents and the benefits go to the estate. We find that the benefits at issue here are not exempt from the claims of creditors. Accordingly, we affirm the judgment of the Bourbon Circuit Court.

On August 9, 2002, John Eric Williams died during the course and scope of his employment. Mr. Williams died without leaving any dependents. His estate received workers' compensation benefits in the amount of $54,089.28 pursuant to Kentucky Revised Statutes (KRS) 342.750(6). After the funeral expenses were paid from this sum, approximately $41,000 was left.

Farmers Stockyard, Inc. and Kentucky Bank are creditors of Mr. Williams' estate and argue that the $41,000 balance should be utilized to pay their claims. The Bourbon District Court held that the death benefit received by the estate was exempt from the claims of creditors pursuant to KRS 342.180. The Bourbon Circuit Court reversed, and this appeal followed.

The issue on appeal is whether the compensation paid to his estate, both on the behalf of an injured worker and as a result of his death pursuant to KRS 342.750(6), is exempt from attachment by the deceased worker's creditors pursuant to KRS 342.180. We believe that the exemption created by KRS 342.180, which prevents attachment by creditors of compensation paid to the worker, does not apply to the funds once paid to the estate.

As this is a review of a Kentucky statute, our review is *de novo,* and we are not required to give deference to the circuit court's conclusions of law. *See Cinelli v. Ward,* 997 S.W.2d 474, 476 (Ky.App.1998). KRS 342.750(1)-(7) describes the workers'

compensation benefits to be received when a work-related injury causes the death of the employee. Of that statute, sections (1)-(5) discuss the amounts received by the deceased employee's dependents and, for our purposes, are irrelevant to this appeal. At issue before our Court is the application of KRS 342.180 to the proceeds paid through KRS 342.750(6). The latter states:

> In addition to other benefits as provided by this chapter, if death occurs within four (4) years of the date of injury as a direct result of a work-related injury, a lump-sum payment of fifty thousand dollars ($50,000) shall be made to the deceased's estate, from which the cost of burial and cost of transportation of the body to the employee's place of residence shall be paid. Annually, the executive director shall compute, in accordance with KRS 342.740, the increase or decrease in the state average weekly wage, and consistent therewith, shall adjust the amount of the lump-sum payment due under this subsection for injuries occurring in the succeeding year.

KRS 342.180 states "[n]o claim for compensation under this chapter shall be assignable, except court or administratively-ordered child support pursuant to KRS 403.212. All compensation and claims therefore, except child support obligations, shall be exempt from all claims of creditors."

The Appellees claim that the KRS 342.180 exemption does not apply to money received by the estate. They argue that because workers' compensation benefits are intended for the benefit of the injured worker, or in the case of death, his or her dependents, benefits which go to an estate with no dependents should be treated as ordinary assets of the estate and vulnerable to the claims of creditors. The Appellants argue that KRS 342.180 applies

to all benefits conferred by workers' compensation, including the $50,000 given to the estate.

Our Supreme Court in *Realty Improvement Co., Inc. v. Raley,* 194 S.W.3d 818, 819 (Ky.2006), affirmed "that KRS 342.165(1) permits the benefit paid under KRS 342.750(6) to be increased by 30% if the accident causing the worker's death resulted from the employer's intentional safety violation." In so doing, our Supreme Court found that a payment mandated by KRS 342.165 was "compensation" when paid as directed by KRS 342.750(6) to the worker's estate. Our Supreme Court specifically determined that the payment of such compensation to the worker's estate authorized by KRS 342.750(6), "when an injury results in death ... [,] implies that a deceased worker's estate is a 'person' for the purposes of the statute...." *Raley* at 822. Once paid, the compensation becomes mere monies, whether in the hands of a dependent or an estate, i.e., a "person," and available to satisfy the creditors thereof. In support, *see Quiggins v. Quiggins,* 637 S.W.2d 666, 667 (Ky.App.1982), wherein the appellate court acknowledged:

> The issue presented on appeal—whether a worker's compensation award is to be considered as marital property—appears to be one of first impression in this jurisdiction. The trial court, while acknowledging that worker's compensation benefits are exempt from the claims of creditors (KRS 342.180), nevertheless held that once the form of compensation is changed and invested in other property, it becomes "property acquired by either spouse subsequent to the marriage ..." KRS 403.190(2); *Ball v. Smiddy,* Ky., 249 S.W.2d 715, 716 (1952) quoting *J.S. Merrell Drug Co. v. Dixon,* 131 Ky. 212, 115 S.W. 179, 180 (1909). The trial court's logic notwithstanding, the controlling factor here is neither the Worker's Compensation Act, nor the fact that the form of the settlement was changed, but rather KRS 403.190(2).

Thus, in *Quiggins,* while the payment was clearly compensation, its ultimate disposition was controlled by KRS 403.190(2), the statute controlling the division of property in a dissolution of marriage action. The same reasoning applies *sub judice.* Therefore, the laws of inheritance as applied to estates control the disposition of the compensation once paid to the estate.

Although we believe the foregoing precedent to be applicable to the matter *sub judice,* nevertheless, let us consider the wording of KRS 342.750(6) and the effect if the reasoning in *Quiggins* did not apply.

First, we note that the nature of the KRS 342.165 payment is both compensation and an encouragement to the employer to provide a safe work environment. This "encouragement," i.e., penalty, aspect is to encourage employers to comply with both statute and administrative regulations as they relate to the installation or maintenance of safety appliances or methods for worker safety.

The intent of KRS 342.165 would not be accomplished if the enhanced payment was unavailable when the worker died without dependents. Certainly an anomalous result would be attained if such payment were not made; as the employer would be obligated to make the KRS 342.165 enhanced payment to a deceased worker's dependents under KRS 342.750(1) but not if the worker was without dependents and payment made under KRS 342.750(6). Thus, the mere fact that a worker had no dependents would result in a windfall to the employer, and the penalty levied by KRS 342.165 and its statutory purpose of encouraging a safe work environment would be thwarted. Therefore, the purpose of the penalty aspect of the payment

imposed upon the employer, as mandated by KRS 342.165, is served when payment is made pursuant to KRS 342.750(6).

KRS 342.750(6) specifically recognizes that the benefits once paid to the estate are to be applied to the transport of the deceased worker's body and to burial expenses, but thereinafter it provides no restriction, exemption, or other direction of payment. There is no language that the exemption from attachment by creditors provided for in KRS 342.180 applies to the monies once paid to the estate. There is nothing that suggests the laws of inheritance controlling estates should not apply.

In support of our reasoning that such monies are not exempt from the claims of creditors, let us assume that they *are* exempt and further assume that the estate had no heirs. In such case, absent the application of the reasoning in *Quiggins,* the blind application of KRS 393.020 [2] would direct that the assets remaining would escheat to the Commonwealth of Kentucky.[3] It would be difficult to imagine that the escheat of such monies to the Commonwealth would be favored over the claims of creditors as would be the case if KRS 342.180 were applied to the monies once in the hands of the estate.

Accordingly, we affirm the order of the Bourbon Circuit Court.

BUCKINGHAM, Senior Judge, concurs.

STUMBO, Judge, dissents and files separate opinion.

STUMBO, Judge, dissenting.

Respectfully, I dissent. In *Realty Improvement Co., Inc. v. Raley, supra,* the Kentucky Supreme Court ruled that the KRS 342.750(6) estate payment is compensation as it applies to KRS 342.165(1), as discussed in the majority opinion. KRS 342.0011(14) defines compensation as "all payments made under the provisions of this chapter representing the sum of income benefits and medical and related benefits[.]" KRS 342.180 states that "[n]o claim for compensation under this chapter shall be assignable, except court or administratively-ordered child support pursuant to KRS 403.212. All compensation and claims therefor, except child support obligations, shall be exempt from all claims of creditors."

If the KRS 342.750(6) estate payment is compensation for the purposes of KRS 342.165(1), as discussed in *Raley,* it should also be considered compensation as it applies to the KRS 342.180 creditor exemption. As such, the approximately $41,000 at issue in this case should be an asset of the estate, but also exempt from the claims of the Appellees.

Accordingly, I would reverse the order of the Bourbon Circuit Court.

2. KRS 393.020 states:

    If any property having a situs in this state has been devised or bequeathed to any person and is not claimed by that person or by his heirs, distributees, or devisees within three (3) years after the death of the testator, or *if the owner of any property having a situs in this state dies without heirs or distributees entitled to it and without disposing of it by will, it shall vest in the state, subject to all legal and equitable demands.* Any property abandoned by the owner, except a perfect title to a corporeal hereditament, shall vest in the state, subject to all legal and equitable demands. Any property that vests in the state under this section shall be liquidated, and the proceeds, less costs, fees, and expenses incidental to all legal proceedings of the liquidation shall be paid to the department. (Emphasis supplied).

3. While an exception to escheat does exist for legal and equitable demands, we believe the reasoning in *Quiggins* is compelling.