**In re Lloyd Thomas STANLEY and Elizabeth Ann Stanley, Debtors.**

**No. 12–59108.**

United States Bankruptcy Court, E.D. Michigan, Southern Division.

May 14, 2013.

---

Robert Scott Vanderford, Redford, MI, for Debtor.

John Polderman, Bloomfield Hills, MI, for Trustee.

### OPINION REGARDING TRUSTEE'S OBJECTIONS TO DEBTORS' CLAIMS OF EXEMPTION

WALTER SHAPERO, Bankruptcy Judge.

#### Introduction

The Trustee has objected to the exemptions the Debtors claimed for sums received pre-petition from a worker's compensation settlement, a portion of which

the Debtors used as a deposit for a pre-petition vehicle purchase. The Trustee's objections are sustained in part and over-ruled in part.

## Facts

Lloyd Thomas Stanley and Elizabeth Ann Stanley ("Debtors") filed this joint Chapter 7 bankruptcy and claimed various exemptions. Gene R. Kohut ("Trustee") raised a number of objections to those exemptions, most of which were settled. The two remaining objections deal with Mrs. Stanley's pre-petition lump sum worker's compensation settlement, which she received from the Michigan Department of Licensing and Regulatory Affairs in the net amount of $45,124.83. With respect to that sum, Debtors claimed the following exemptions: (a) $30,000 cash on hand remaining from that worker's compensation settlement, apparently remaining in a bank account or similar account, and (b) $6,000 traceable to the proceeds of that worker's compensation settlement, which Debtors used as deposit for a vehicle they agreed to purchase prior to the bankruptcy filing. The parties stipulated to the entry of an order requiring Debtors to preserve the $30,000 until further order of the Court. These funds apparently remain in Debtors' bank account or similar account in the form of cash or cash equivalent. There exists no question of fact and the issue is one of law.

## Discussion

■ Trustee has the burden of proving by a preponderance that an exemption is improper. *In re Kraus*, 07–54580 at 1 (Bankr.E.D.Mich.2008) (citing Fed. R. Bankr.P. 4003(c)). Exemptions should be liberally construed in favor of the debtor. *In re Holstine*, 2012 WL 2891220 (E.D.Mich.2012). Further, a claimed exemption should be construed in light of the purpose for which it was created. *Lebovitz*

*v. Hagemeyer (In re Lebovitz)*, 360 B.R. 612, 618–619 (6th Cir. BAP 2007).

Debtors claimed the exemptions exclusively under Michigan's bankruptcy-specific exemption statute, *M.C.L. 600.5451*, which states in relevant part:

(1) A debtor in bankruptcy under the bankruptcy code, 11 USC 101 to 1532, may exempt from property of the estate property that is exempt under federal law or, under 11 USC 522(b)(2), the following property . . .

(j) Money or other benefits paid, provided, allowed to be paid or provided, or allowed, by a stock or mutual life, health, or casualty insurance company because of the disability due to injury or sickness of an insured person, whether the debt or liability of the insured person or beneficiary was incurred before or after the accrual of benefits under the insurance policy or contract, except that this exemption does not apply to actions to recover for necessities contracted for after the accrual of the benefits.

■ Trustee initially argues that the statute is inapplicable because the benefits were actually paid by or sourced from a state agency, which should not be considered an "insurance company" as referred to in that statute. The Court does not agree with Trustee's position given that (1) the Michigan worker's compensation statute itself says that it "insures" covered employees, *M.C.L. 418.621(2); see also In re Kraus*, at 2–3 (holding that the Michigan statute insures the covered employee himself); (2) as noted, exemptions are to be liberally construed in Debtors' favor and in light of its purpose; (3) under the system, as the Court understands it, the state agency is essentially acting as the functional equivalent of an insurance company, or at least for purposes of cases such as this, it ought to be so seen; and (4)

were it construed otherwise, the exemption system as to this type of item would essentially be rendered ineffective.

■ Trustee's main argument is that under this statute, worker's compensation funds or awards lose their exemption once they are in the recipient's hands, especially so if they are later paid out to a third party. Debtors argue that because the exemption applies to money that was "paid, provided, allowed to be paid or provided, or allowed" (emphasizing the past tense of the statutory language), the statute plainly indicates that the exemption is not destroyed after the funds are received, nor even if the funds are thereafter transferred to a third party.

Trustee cites *Matter of Wickstrom*, 113 B.R. 339 (Bankr.W.D.Mich.1990). In that case, the debtor had received a pre-petition lump sum worker's compensation award and thereafter transferred a part of such to his parents. The trustee in that case sought to avoid the payment to the parents as a preference. One of the debtor's defenses was that the payment emanating from the worker's compensation award was exempt under a Michigan statute worded essentially the same as the statute involved in the case.[1] The precise question as stated by the *Wickstrom* Court was "whether a worker's compensation payment remains exempt *after* the Debtor receives it and *after* the Debtor transfers it to third persons." *Id.* at 344 (emphasis

original). In concluding that the subject payments were not exempt, the *Wickstrom* Court relied on *Martin v. Lamb*, 228 Mich. 396, 200 N.W. 160 (1924), which the *Wickstrom* Court said stood for the proposition that "the exemption does not extend to the funds upon receipt nor to property subsequently purchased with those funds." *Wickstrom*, at 344 (stating that the predecessor statute involved in *Martin* was identical in substance to the statute construed by the *Wickstrom* Court). Interestingly and unlike the statute in the present case, the statute involved in *Martin* was not a general exemption statute, but rather a separate statute that specifically provided, under the preceding worker's compensation statute, that no payment thereunder "shall be assignable or subject to attachment or garnishment, or be held liable in any way for any debts." *Martin*, at 397, 200 N.W. 160 (quoting C.L. 1915, § 5451). The facts in *Martin* were that a judgment debtor had received a worker's compensation award, part of which he used to purchase furniture. A creditor levied on the furniture, raising the issue of the legality of the levy in light of the indicated statutory provision. The *Martin* Court said "We hold the exemption mentioned protects the fund until its receipt by the employee, but does not extend to property purchased therewith." *Martin*, at 398, 200 N.W. 160. *Martin* and *Wickstrom* both recognized that the policy underpinning such exemptions was to ensure that the

---

1. The statute discussed by *Wickstrom* stated: "The following property of a judgment debtor and the judgment debtor's dependents is exempt from levy and sale under an execution ... Any money or other benefits *paid, provided, or allowed to be paid, provided, or allowed,* by any stock or mutual life or health or casualty insurance company, on account of the disability due to injury or sickness of the insured person, whether the debt or liability of such insured person or beneficiary was incurred before or after the accrual of bene-

fits under the insurance policy or contract, except that the exemption under this subdivision does not apply to actions to recover for necessities contracted for after the accrual of the benefits." *M.C.L. 600.6023(1)(f)* (emphasis added).

The Court also discussed another Michigan statute that stated: "A payment under this act *shall not be* assignable or subject to attachment or garnishment or be held liable in any way for a debt ... *M.C.L. 418.821(1)* (emphasis added).

worker's compensation funds actually reach the beneficiary and are not intercepted by a creditor before then. (Query: How should one construe "until its receipt by the employee" i.e. is it exempt at the moment it is "received" but not a few seconds thereafter, or has it lost its exempt status in the few seconds before its receipt?) Finally, both the *Wickstrom* and *Martin* Courts relied on a case involving a statute specifically exempting insurance proceeds "to be paid," the Court in that case stating that after payment, it became the sole property of the recipient "not exempt from legal process *unless made so by the general laws of the state." Recor v. Recor,* 142 Mich. 479, 484, 106 N.W. 82 (1905) (emphasis added). The *Martin* case itself, somewhat similarly, excepted from its holding the "right of exemption, *to the extent allowed by the general statute relating to executions." Martin,* at 398, 200 N.W. 160 (emphasis added).

This Court concludes that *Wickstrom,* and the cases it relies on, should not be relied upon for the proposition disallowing the exemption for the proceeds of a worker's compensation award that at the date of filing remain unspent and essentially in the same form it was received. It does so primarily because (1) the holdings in those cases should be restricted to their facts; which almost uniformly relate to situations involving property purchased utilizing the proceeds of the award or later transfers of such proceeds, and do not relate to the situation in this case where the funds at the time of filing essentially remain untouched in the Debtors' bank account or similar account in the form of cash or cash equivalent; (2) even some of the cases and statutes relied upon by *Wickstrom* make exceptions for exemptions that may be considered as part of the general laws of the state (as opposed to the more specific laws on which the holdings of those cases seem to be based); a good argument can

be made that the exemption statute involved in this case is in essence within the "general" law of Michigan, given that it is one of general and broad application defining the totality of exemptions for worker's compensation awards; and (3) the statute involved here says "paid or provided," which are terms in the past tense that look backward from the date of the bankruptcy filing (the point at which the matter must be viewed). To agree with Trustee here as to those funds would be to essentially ignore the clear and plain words in the statute, which this Court cannot and should not do. Thus the remaining worker's compensation funds, which pursuant to a prior order of this Court remain untouched in Debtors' bank account or similar account, qualify as "money paid" from the worker's compensation settlement, as defined by the relevant bankruptcy-specific state exemption statute. In the Court's view, exemptibility should at least primarily be determined by whether or not the award (whether actually paid or received before or after the petition date) retains its essential character and nature, or whether the recipient debtor has transferred or surrendered control of it in such a manner that it might fairly be said that, as of the date of filing, it became something of a different character or nature.

■ With regard to Debtors' claim of exemption for the portion of the funds placed as a deposit for the vehicle purchase, this Court sustains Trustee's objection. What must be factually inferred and concluded from the somewhat unclear record on the details of the transaction is that, prepetition, Debtors took $6,000 of the worker's compensation award funds that had originally been deposited in their bank account or similar account and paid it to some entity as a deposit on the purchase of a vehicle. In this Court's view, and notwithstanding the traceability of the

deposit to the award, such transfer precludes the deposit sum from being exempt. Assuming that the purchase of the vehicle had not been consummated as of the date of filing, what the Debtors had at the time of the filing was a contractual right to purchase the vehicle, incident to which a deposit had been made. To that extent, the sum thus lost its character as a worker's compensation award and such essentially places the case within the holdings of the referred-to Michigan cases cited in *Wickstrom,* which dealt with the more analogous situation.

### Conclusion

For the foregoing reasons, Trustee's objection to Debtors' claims of exemptions is sustained with regard to the vehicle deposit and overruled with regard to the remaining worker's compensation funds. Trustee shall present an appropriate order.